PATRICIA CLARKE, Plaintiff-Appellee, v. THE BOARD OF REVIEW, ILLINOIS DEPARTMENT OF LABOR, Defendant-Appellant.

First District (1st Division)   No. 84—0768

Opinion filed February 25, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spalding, Assistant Attorney General, of Chicago, of counsel), for appellant.

Patricia Clarke, of Hillside, for appellee, *pro se.*

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, the Board of Review for the Illinois Department of Labor, appeals the order of the circuit court of Cook County reversing its decision that plaintiff Patricia Clarke was ineligible to receive unemployment compensation benefits. Defendant contends plaintiff voluntarily left her employment without good cause and, accordingly, her claim for unemployment benefits must be denied.

The undisputed facts are that plaintiff was employed as an accounts payable clerk at Gottlieb Memorial Hospital. She resigned on October 22, 1982, after approximately 16 months of service, and promptly filed for unemployment compensation benefits the same day. Plaintiff asserted during the initial administrative interview that she was compelled to resign for health reasons because harassment from her supervisor had caused her to become ill. Her employer contested the claim, contending that plaintiff voluntarily left her position due to job dissatisfaction. On December 16, 1982, the claims adjudicator determined plaintiff was eligible for benefits.

When plaintiff's employer filed a notice of appeal, administrative hearings were held on January 25, 1983, and February 4, 1983. At the first hearing, Denise DeHesus testified as a representative of Gottlieb Memorial Hospital. She explained that the hospital had recently installed a computerized system and that plaintiff was given instruction to learn to operate the new equipment. Ms. DeHesus further stated that plaintiff's performance was not up to par, and, consequently, her June 1982 review was delayed until October 15, 1982, to give her a chance to improve. She indicated that plaintiff was then given her review and a merit increase, but resigned several days later because she was unhappy over the comments and suggestions for improvement made in the review. Ms. DeHesus further stated that plaintiff was placed on a 90-day probation at the time of her review but was not forced or harassed into quitting.

At the second hearing Frank McHugh testified. He indicated he had been plaintiff's supervisor for approximately 10 months. He stated that the hospital had switched to a new computer system and his employees were trained to use it. Mr. McHugh explained that plaintiff was uncomfortable using the new system but became indignant when he tried to discuss it with her. He stated that the delay in

plaintiff's review occurred because plaintiff had taken sick leave time and vacation time and that there was a delay getting the necessary papers from the personnel department. The supervisor reported that at the time of plaintiff's review he had explained to plaintiff in what areas she needed to improve. He further suggested to plaintiff that he would set up a 90-day work plan, at the end of which she would discuss her progress with her immediate supervisor. He added that plaintiff was not discharged.

John Lewandowski testified as a personnel specialist at the hospital. He stated that plaintiff's file contained no mention of a health problem. Anne O'Malley, assistant director of personnel, testified that there was nothing in plaintiff's records about a health problem nor had plaintiff ever spoken to Ms. O'Malley about any illness. She indicated she was aware that plaintiff was unhappy with her review.

Plaintiff testified that she was performing her job in a proper manner and did not leave willingly. She indicated she felt there was a personality conflict between her and her supervisor and that she could do nothing to please him. After plaintiff received her review, she went to speak to the personnel director, who discussed the possibility that she resign. Plaintiff introduced a letter by John Hylton, former assistant director of personnel, which stated he had discussed several alternatives with plaintiff, including resignation.

Plaintiff submitted a copy of her resignation in which she stated she was subjected to mental harassment by her supervisor, causing her to become physically ill. She further indicated that because of her health, resignation was necessary. Plaintiff also submitted a hospital report dated October 8, 1982, at which time she suffered an anxiety reaction. The report stated the cause of plaintiff's anxiety was tension at home and on the job and suggested plaintiff rest at home.

Plaintiff also submitted a statement from Louise Chaiken, her immediate supervisor, who indicated plaintiff was very conscientious and accurate in her work. Ms. Chaiken reported that she also had resigned from her position due to her working relationship with Mr. McHugh. Plaintiff's son testified that he received a call from the emergency unit at Gottlieb indicating plaintiff was hyperventilating due to nerves and stress associated with difficulties she was having with her supervisor. He opined that plaintiff's working relationship with Mr. McHugh definitely affected her health.

At the close of the hearing, the referee reversed the decision of the claims adjudicator. He found plaintiff had voluntarily left work without good cause. Plaintiff appealed to defendant, which, after reviewing the record, affirmed the decision of the referee. Plaintiff sub-

sequently filed a complaint for administrative review in the circuit court of Cook County. The court reversed defendant's decision and awarded plaintiff unemployment compensation benefits.

Under the Illinois Unemployment Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 300 *et seq.*), an individual seeking unemployment benefits must meet several requirements. An unemployed individual will be eligible to receive benefits only if: (a) he has registered for work and continued to report to an employment office as prescribed; (b) he has made a claim for benefits; and (c) he is able to work and is available for work. Ill. Rev. Stat. 1983, ch. 48, pars. 420(A), (B) and (C).

However, a claimant meeting these requirements may still be ineligible for benefits if it is found that he voluntarily left his job without good cause. (Ill. Rev. Stat. 1983, ch. 48, par. 431.) Exceptions are enumerated to this rule within the statute. Section 601(B)(1) provides:

"The provisions of this Section shall not apply to an individual who has left work voluntarily:

1. Because he is deemed physically unable to perform his work by a licensed and practicing physician ***." Ill. Rev. Stat. 1983, ch. 48, par. 431(B)(1).

To meet the exception stated in section 601(B)(1), plaintiff must produce sufficient medical evidence to allow the hearing referee to find that she is physically unable to perform her work. This determination cannot be made by plaintiff herself, but must be made by a medical expert. We find such evidence as is required by statute to be wholly lacking here.

In support of her contention that she was forced to resign her position at Gottlieb due to health reasons, plaintiff presented only one emergency room report indicating she suffered an anxiety reaction; the report stated that plaintiff was experiencing tension at work and home. She was advised to go home and rest. Without additional medical evidence in the form of a physician's written report or evidence that would link a specific act of mental harassment to an immediate episode of anxiety or hyperventilation, we cannot find that plaintiff has met her burden of proving that she was rendered physically unable to perform her work.

The function of the reviewing court is to ascertain whether the findings and decisions of the administrative agency are against the weight of the evidence. (*Eastman Kodak Co. v. Fair Employment Practices Com.* (1981), 86 Ill. 2d 60, 426 N.E.2d 877; *Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 269 N.E.2d 713, *cert. denied* (1971), 403 U.S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2229.) On ad-

ministrative review, neither this court nor the circuit court is to reweigh the evidence or the determination of the credibility of the witnesses, which is to be made by the agency. (*Dotson v. Bowling* (1981), 102 Ill. App. 3d 340, 430 N.E.2d 44.) An examination of the evidence shows that the decision of the hearing referee and defendant here was not contrary to the manifest weight of the evidence. Not only did plaintiff wholly fail to provide medical evidence to support her contention, plaintiff's employer presented overwhelming evidence to show that plaintiff's resignation was more than likely for nonhealth reasons.

For the reasons set forth above, the judgment of the circuit court of Cook County is reversed.

CAMPBELL and BUCKLEY, JJ., concur.