LORETTA L. WRIGHT, Plaintiff-Appellee, v. THE DEPARTMENT OF LA-
BOR *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 87—0383

Opinion filed February 9, 1988, *nunc pro tunc* December 15, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Eddie Santiago, Assistant Attorney General, of Chicago, of counsel), for appellants.

Legal Assistance Foundation of Chicago, of Chicago (Nelson A. Brown, Jr., Cathleen C. Cohen, and Jeffrey Gilbert, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:
The Board of Review for the Illinois Department of Employment Security (Board) appeals an order of the circuit court of Cook County which reversed the Board's decision that plaintiff, Loretta Wright,

was ineligible to receive unemployment benefits.

The record reveals that plaintiff worked as a garage cashier for Augustana Hospital (employer) for approximately seven months. On March 28, 1985, plaintiff was discharged from her position for excessive tardiness. Thereafter plaintiff filed a claim for unemployment benefits. The claims adjudicator determined that plaintiff was ineligible for unemployment benefits because she had been discharged for misconduct. Ill. Rev. Stat. 1985, ch. 48, par. 432(A).

Plaintiff appealed the determination of the claims adjudicator and an administrative hearing was conducted by a referee. At the hearing, plaintiff appeared *pro se*, and the employer appeared through Thomas Scalise (Scalise), who had been plaintiff's supervisor. Plaintiff testified that she began working for the employer on August 27, 1984. Initially, plaintiff was a temporary employee and was subject to a 90-day probationary period, but she became a permanent employee on December 23, 1984.

After December 1984, plaintiff was scheduled to begin work at 7 a.m. each day. On March 28, 1985, plaintiff's car would not start and she had to take a bus to work. The bus was delayed, and plaintiff arrived at work at 7:05 a.m. She was unable to advise her employer of her tardiness because she was already on the bus. Plaintiff acknowledged that she had been warned in February 1985 about arriving late for work.

Scalise testified that on February 13, 1985, plaintiff received a written warning indicating that she had been late for work on five occasions since August 27, 1984. On each of those occasions, plaintiff received a verbal reprimand. The dates on which plaintiff had been tardy were recited, but there was no indication of the reasons for her tardiness or of how late she had been on each occasion. The written warning advised plaintiff that it was her "final warning" and that her employment would be terminated for the next offense. When she arrived five minutes late for work on March 28, 1985, plaintiff was discharged. Scalise acknowledged that the "final warning" given in February 1985 was the first and only written warning received by plaintiff. Although the warning form provided spaces to indicate a "first warning" and "second warning," no such documents were produced at the administrative hearing.

The hearing referee affirmed the determination of the claims adjudicator, finding that plaintiff had been discharged for excessive tardiness. The referee concluded that, after her warning, plaintiff's tardiness on March 28, 1985, was misconduct and that plaintiff was disqualified from unemployment benefits. (Ill. Rev. Stat. 1985, ch. 48,

par. 432(A).) Plaintiff appealed the referee's decision to the Board. The Board affirmed the decision of the hearing referee, finding that plaintiff was disqualified from benefits because she had violated a reasonable rule of the employer and her conduct constituted misconduct.

Plaintiff thereafter filed a complaint for administrative review of the Board's decision. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) The circuit court reversed the Board's decision, holding that the plaintiff's conduct did not demonstrate a deliberate violation of the employer's rule. The circuit court concluded that the Board's decision was contrary to Illinois law. The Board has appealed, contending that its decision was in accordance with the law and was supported by the manifest weight of the evidence.

■ The function of a reviewing court is to ascertain whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. (*Eastman Kodak Co. v. Fair Employment Practices Comm'n* (1981), 86 Ill. 2d 60, 426 N.E.2d 877; *Clarke v. Board of Review* (1985), 131 Ill. App. 3d 317, 475 N.E.2d 942.) The Board argues that the plaintiff's conduct disqualified her for benefits under section 602(A) of the Unemployment Insurance Act (Act), which provides as follows:

> "An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks which are either for services in employment, or have been or will be reported pursuant to the provisions of the Federal Insurance Contributions Act by each employing unit for which such services are performed and which submits a statement certifying to that fact." Ill. Rev. Stat. 1985, ch. 48, par. 432(A).

■ Misconduct has been defined as conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer had the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879; *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 296 N.W. 636.

The Board asserts that the plaintiff was discharged because she was tardy a total of six times in seven months. The Board character-

izes this as excessive tardiness and urges that plaintiff's conduct was careless and negligent to such a degree or recurrence as to manifest a deliberate disregard of the standards of behavior which the employer had the right to expect. (See *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879.) This assertion, however, is not supported by the evidence in the administrative record.

■■ Plaintiff's unimpeached and uncontroverted testimony before the referee established that on the day she was discharged, plaintiff's car would not start and she was required to take the bus to work. The bus was delayed, and plaintiff arrived five minutes late for work. We must agree with the circuit court that plaintiff's tardiness on that occasion was unavoidable and for good cause and cannot be construed as deliberate or as an act of misconduct. The Board submits that consideration of this isolated incident is improper and that attention must be given to all of the occasions of plaintiff's tardiness. Yet, the administrative record is devoid of any evidence as to the facts and circumstances surrounding the previous incidents of plaintiff's tardiness. All that is known about these incidents are the dates on which they occurred. There is no information about how tardy plaintiff was or whether she had a reasonable excuse for her tardiness. Thus, there is insufficient evidence that plaintiff acted carelessly or negligently on these occasions. On the record before us, we cannot say that plaintiff's conduct was careless or negligent to such a degree or recurrence as to manifest a deliberate disregard of the standards of behavior which her employer had the right to expect.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SCARIANO, P.J., and BILANDIC, J., concur.