KATTEN MUCHIN AND ZAVIS, Plaintiff-Appellant, v. THE DEPART-MENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—94—4311

Opinion filed May 2, 1996.—Rehearing denied May 28, 1996.

Katten Muchin & Zavis, of Chicago (Harry J. Secaras and Patricia A. Scott, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (William K. Blanchard, Assistant Attorney General, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, the law firm of Katten Muchin and Zavis, appeals from a judgment of the circuit court of Cook County affirming the decision of the Illinois Department of Employment Security Board of Review (Board), which granted claimant Roy Benjamin's claim for unemployment insurance benefits. Plaintiff contends it discharged claimant for misconduct connected with his work, making him ineligible for benefits pursuant to section 602(A) of the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/602(A) (West 1992)).

Claimant worked for plaintiff as a paralegal in its docket department from October 8, 1990, to September 25, 1991. His duties

included filing documents in court, preparing and processing docket calendars and forms, and responding to questions regarding court rules and procedures.

Claimant's personnel file contained a memorandum dated May 21, 1991, from his supervisor, Ed Shealy, stating that claimant did not comply with plaintiff's established docket procedures and behaved rudely to other staff members. The memorandum specifically detailed the manner in which he was to perform certain tasks. The file also contained a written response from claimant addressing each issue raised by Shealy and stating that claimant would correct his errors in the future.

The file contained three more memoranda from Shealy. The first, dated July 15, 1991, placed claimant on 30 days' probation for tardiness with a warning the firm would terminate him if he came in late even once during that period. The second, dated September 9, 1991, noted that Karen Martin, an assistant to Shealy, had told Shealy that as of 9:20 a.m. claimant had not arrived for work. The third, dated September 23, 1991, memorialized a conversation between Shealy and his staff in which they complained about claimant's poor work attitude, work product, and unwillingness to cooperate with department policy and procedures.

After his discharge, claimant applied for unemployment compensation benefits. On October 19, 1991, the claims adjudicator determined plaintiff had discharged claimant for misconduct connected with his work, specifically excessive tardiness, disregard for office and court procedures, and failure to complete work assignments. Accordingly, the claims adjudicator disallowed benefits under section 602(A) of the Act, which provides in relevant part:

"An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work ***. *** For purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit." 820 ILCS 405/602(A) (West 1992).

Claimant applied for reconsideration, but the claims adjudicator affirmed the decision.

On November 19, 1991, at an administrative hearing held before a referee, claimant testified that on May 21, 1991, he received a written warning regarding his failure to comply with plaintiff's estab-

lished docket procedures, and in July 1991 he received a verbal warning regarding his tardiness. He stated he corrected his behavior after receiving the warnings and noted the absence of any documentary evidence he had violated any docket procedures after receipt of the warning memorandum in May 1991.

Shealy testified his two assistants were responsible for training claimant. One of the assistants, Karen Martin, told Shealy that claimant did not comply with office procedures and he frequently arrived late to work. Shealy testified that on several occasions he had explained to claimant that claimant must comply with the department's procedures for the sake of his job. He also testified that on July 15, 1991, he verbally warned claimant he must not be late even once during the following 30-day period.

The referee affirmed the decision of the claims adjudicator, finding plaintiff discharged claimant for excessive tardiness and that claimant had received at least one prior warning regarding his tardiness. The referee concluded because the reasons for claimant's discharge were within his ability to control or avoid, claimant was discharged for misconduct connected with his work, making him ineligible for benefits under section 602(A) of the Act.

Claimant appealed the decision to the Board. The Board determined the term "misconduct," as used in section 602(A), requires "a *final* willful or deliberate act which has harmed the employer [or] his or her co-workers or the recurrence of a violation of an employer's rule for which he or she has been previously warned." (Emphasis added.) The Board reversed the decision of the referee, finding "the evidence failed to establish a proximate cause or occurrence that resulted in the claimant's discharge." The Board concluded claimant was discharged for reasons other than misconduct connected with his work.

Plaintiff filed a complaint for administrative review, asserting the Board's decision was against the manifest weight of the evidence and based upon an erroneous interpretation of section 602(A) of the Act. After a hearing, the circuit court remanded the matter to the Board and listed several questions for the Board to address in a supplemental decision. Specifically, the court ordered the Board to indicate the authority on which it concluded a final act was necessary for a section 602(A) finding of misconduct connected with the work. The court also ordered the Board to make findings regarding (1) whether claimant's tardiness, failure to follow office procedure, and attitude toward others were willful or deliberate; (2) whether the alleged acts were established by the testimony of witnesses with personal knowledge; (3) whether claimant violated any procedures af-

ter the May 21, 1991, memorandum; (4) whether claimant's tardiness continued after the July 15, 1991, warning; and (5) whether claimant was placed on any disciplinary probation other than his 30-day probation for tardiness.

The Board's supplemental decision found claimant's "tardiness, failure to follow office procedure and attitude toward others were not willful or deliberate; that the facts alleged by the employer were not established by witnesses with personal knowledge of the same; that the claimant did not violate any procedures after having received a warning on May 21, 1991; that the claimant's tardiness did not continue after he was issued a warning on July 15, 1991; and that the claimant had been placed on a thirty day probation on July 15, 1991 for excessive tardiness and had not been placed on probation at any other time for any other infractions."

The Board also explained because section 602(A) of the Act states that an individual is ineligible for benefits if he is discharged *for* misconduct, the Board must look to the last act precipitating the discharge in order to determine the cause of the discharge. The Board again concluded claimant qualified for benefits because he was not discharged for misconduct connected with his work.

After receiving the Board's supplemental decision, the circuit court heard argument on plaintiff's complaint. Plaintiff contended the Board erred in its interpretation of the law because neither section 602(A) of the Act nor case law provides that a final incident or proximate cause must occur before an employee can be terminated for misconduct. Plaintiff argued claimant's cumulative work record sufficiently showed he was terminated for misconduct, even without one final triggering event. The Board argued its decision was consistent with the analysis of Illinois courts, which look to the final proximate cause of the discharge and determine whether it constituted misconduct. The Board further argued that the reasons set forth by plaintiff for terminating claimant did not constitute misconduct connected with work.

The circuit court affirmed the Board's decision, stating that case law appeared to require "some sort of triggering event or proximate cause." The court also noted the Board found claimant's testimony credible and plaintiff's evidence was insufficient to contradict the Board's conclusion.

On appeal to this court, plaintiff contends section 602(A) does not require claimant's discharge be caused by a specific, last episode or "triggering incident" of misconduct to render claimant ineligible to receive unemployment compensation benefits. Plaintiff asserts that although case law indicates the courts have looked to an employee's

single triggering incident when the employer declared the incident to be the cause for termination, nothing forecloses a finding of misconduct based on an employee's cumulative record of failure to follow company rules and practices. Plaintiff additionally asserts the Board's decision was against the manifest weight of the evidence, where the record showed claimant consistently refused to follow plaintiff's reasonable rules and procedures even after receiving formal warnings.

■ In a case involving a claim for unemployment benefits, the Board's findings and conclusions of fact are considered *prima facie* true and correct. *Stovall v. Department of Employment Security*, 262 Ill. App. 3d 1098, 1102, 640 N.E.2d 299 (1994). Our function is to determine whether the Board's findings were against the manifest weight of the evidence. *Stovall*, 262 Ill. App. 3d at 1102. However, we need not give the same deference to the Board's conclusions of law as to its findings of fact. *Nichols v. Department of Employment Security*, 218 Ill. App. 3d 803, 809, 578 N.E.2d 1121 (1991). Where the Board's decision is based on an erroneous interpretation or application of the law, a reviewing court will reverse that decision. *Nichols*, 218 Ill. App. 3d at 809-10.

■ Section 602(A) of the Act states "[a]n individual shall be ineligible for benefits for the week in which he has been discharged *for* misconduct connected with his work." (Emphasis added.) 820 ILCS 405/602(A) (West 1992). Thus, for a claimant to be ineligible for benefits under section 602(A), the cause of his discharge must be his work-related misconduct.

Under section 602(A)'s definition of "misconduct," a claimant is ineligible for benefits if he deliberately and willfully violates a reasonable rule or policy of his employer that governs his work-related behavior, and (a) the rule or policy violation harms his employer or other employees; or (b) the rule or policy violation is repeated after a warning or other explicit instruction from his employer. 820 ILCS 405/602(A) (West 1992).

A section 602(A) misconduct finding does not require a showing of a particular incident of a rules violation that "triggered" the employee's discharge. In fact, section 602(A) recognizes misconduct might result from cumulative rules violations taken as a whole, because its definition of misconduct includes *repeated* rules violations following a warning.

Claimant argues *London v. Department of Employment Security*, 177 Ill. App. 3d 276, 532 N.E.2d 294 (1988), and *Wright v. Department of Labor*, 166 Ill. App. 3d 438, 519 N.E.2d 1054 (1988), hold that section 602(A) does require an employer to point to a particular viola-

tion of the employer's reasonable rule or policy that "triggered" the employee's discharge before there can be a finding of misconduct. We disagree. The employers in *London* and *Wright* relied on their respective employee's last incident of tardiness to terminate that employee. The appellate court determined the incident of tardiness relied on by each of the employers did not constitute misconduct. *London*, 177 Ill. App. 3d at 280; *Wright*, 166 Ill. App. 3d at 441. However, in each case, before concluding the employee was not ineligible for benefits under section 602(A), the court also looked at the employee's cumulative prior rules violations. *London*, 177 Ill. App. 3d at 280-81; *Wright*, 166 Ill. App. 3d at 441. In *London*, the court determined the employee's cumulative rules violations did not constitute misconduct. *London*, 177 Ill. App. 3d at 281. In *Wright*, the court found the administrative record insufficient to determine the facts and circumstances surrounding the employee's cumulative rules violations, and therefore the court could not say the employee committed misconduct. *Wright*, 166 Ill. App. 3d at 441. Thus, contrary to claimant's argument, the *London* and *Wright* courts recognized a section 602(A) misconduct finding can be premised on either a particular incident of a rules violation that triggered the employee's discharge *or* the employee's cumulative rules violations taken as a whole.

■ Since the Board applied an incorrect definition of misconduct when ruling on plaintiff's complaint for administrative review, we reverse and remand to the Board for a determination of whether claimant's cumulative rules violations constituted misconduct under section 602(A).

Reversed and remanded to the Board.

CAHILL and THEIS, JJ., concur.