SHARON D. GREENLAW, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants (Wright Marketing, Inc., Defendant).

First District (1st Division)   No. 1—97—0916

Opinion filed September 28, 1998.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Rita M. Novak, Assistant Attorney General, of counsel), for appellants.

No brief filed for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendants appeal from an order of the circuit court of Cook County reversing the decision of the Illinois Department of Employment Security Board of Review (Board) which found that plaintiff committed misconduct connected with work and denied her claim for unemployment benefits. Defendants assert that the circuit court erroneously reversed the administrative decision because that decision was not against the manifest weight of the evidence.

Although plaintiff has not filed an appellee's brief, we may address the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

At a hearing before a referee, Roxanne Clark testified that she and Trisha Mueller were supervisors at Wright Marketing, Inc., a homecare provider, where plaintiff had been employed as a homemaker for approximately two years. Several weeks before her discharge, plaintiff was injured and she became unable to provide a full service plan. Plaintiff's hours were then reduced and Clark, who was her supervisor, transferred one of her clients to another employee. On May 16, 1996, plaintiff went to the office Clark shared with Mueller and spoke to Mueller concerning the reduction in her hours. Clark, who was seated at her desk adjacent to Mueller, did not participate in the conversation. When plaintiff turned to leave, she stopped before Clark and said, "You can kiss my grits." Clark then asked plaintiff to sign an exit report, but instead she left the office.

Plaintiff testified that she went to the office to speak with Trisha Mueller because her hours had been reduced when she was placed on light duty following an accident. Plaintiff stated that one of her clients was transferred to her sister, who was also a homemaker. Roxanne Clark laughed when plaintiff and Mueller talked. Plaintiff told Clark, "You can kiss my grits" when she left the office. Mueller followed

plaintiff to her car and asked her to return to the office, but plaintiff refused and said she was going to the main office.

■ Defendants contend that the Board's decision that plaintiff was discharged for misconduct connected with work based on insubordination was not against the manifest weight of the evidence and that the circuit court erroneously reversed the Board's decision. The Board is the trier of fact in cases involving claims for unemployment compensation, and its findings of fact are considered *prima facie* true and correct. *McAllister v. Board of Review*, 263 Ill. App. 3d 207, 211 (1994). The function of the circuit court on administrative review is to examine the record and to determine if the findings and decision of the Board are against the manifest weight of the evidence. *Robinson v. Department of Employment Security*, 264 Ill. App. 3d 659, 661 (1994). However, it is not the duty of the court to reweigh the evidence. *Adams v. Ward*, 206 Ill. App. 3d 719, 723 (1990).

■ ■ The Unemployment Insurance Act (Act) does not provide benefits for an individual who was discharged as a result of misconduct. 820 ILCS 405/602(A) (West 1994); *Meeks v. Department of Employment Security*, 208 Ill. App. 3d 579, 584 (1990). Under section 602(A) of the Act, misconduct is defined as "the deliberate and wilful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit." 820 ILCS 405/602(A) (West 1994); *Katten Muchin & Zavis v. Department of Employment Security*, 279 Ill. App. 3d 794, 799 (1996). A claimant may be disqualified on the basis of misconduct when he or she uses abusive language, which is a form of insubordination. *Carroll v. Board of Review*, 132 Ill. App. 3d 686, 692 (1985); see also Annotation, *Use of Vulgar or Profane Language as Bar to Claim for Unemployment Compensation*, 92 A.L.R.3d 106 (1979).

■ To determine the issue of harm, the employee's conduct should not be narrowly viewed in the context of actual harm, but it should be evaluated in terms of potential harm. *Brodde v. Didrickson*, 269 Ill. App. 3d 309, 311 (1995). Furthermore, the employer is not required to prove the existence of a reasonable rule or policy by direct evidence, but the court may reach that determination by a commonsense realization that certain conduct intentionally and substantially disregards an employer's interests. *Stovall v. Department of Employment Security*, 262 Ill. App. 3d 1098, 1102 (1994). Although the burden of establishing eligibility for benefits is on the claimant, the Act is liberally construed in favor of awarding benefits. *McAllister v. Board of Review*, 263 Ill. App. 3d at 211.

■ In the present case, the evidence was not conflicting. Plaintiff was employed as a homemaker and Roxanne Clark was her supervisor. After plaintiff was injured, she was placed on light duty and her hours were reduced. Plaintiff spoke to Trisha Mueller, who was also a supervisor, concerning the reduction in her hours. Clark was present, but she did not participate in the conversation. On her way out of the office, plaintiff told Clark, "You can kiss my grits." Clark then asked plaintiff to sign an exit report, but she walked out of the office. When Mueller followed plaintiff and asked her to return, she refused.

While the words "kiss my grits" were not profane, they were insubordinate because they were abusive and violated the standard of behavior an employer has the right to expect from an employee. *Carroll v. Board of Review*, 132 Ill. App. 3d at 692. Furthermore, that insubordinate conduct was compounded when plaintiff refused Clark's request to sign the exit order and Mueller's request to return to the office.

Even though plaintiff's misconduct occurred in the presence of two supervisors, it constituted a deliberate disregard for the employer and was potentially harmful to its interests. *Brodde v. Didrickson*, 269 Ill. App. 3d at 311. In our view, the Board's decision that plaintiff was properly discharged for misconduct under these circumstances was not against the manifest weight of the evidence and the circuit court order reversing that decision was erroneous.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

BUCKLEY and O'MARA FROSSARD, JJ., concur.