FOURTH DIVISION

No. 1-09-2781

| | |
|---|---|
| BARBARA L. PHISTRY, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Cook County. |
| | ) |
| v. | ) |
| | ) |
| THE DEPARTMENT OF EMPLOYMENT | ) No. 09 L 50687 |
| SECURITY; DIRECTOR, THE DEPARTMENT | ) |
| OF EMPLOYMENT SECURITY; BOARD OF | ) |
| REVIEW; | ) |
| | ) |
| Defendants-Appellants | ) |
| | ) |
| | ) |
| | ) |
| (EUGENE C. DECKER, | ) Honorable |
| | ) Elmer James Tolmaire III, |
| Defendant). | ) Judge Presiding. |

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Defendants, the Department of Employment Security (Department), Director of the Department, and Board of Review (Board), appeal from an order of the circuit court of Cook County, reversing the ruling of the Board that plaintiff, Barbara Phistry, was ineligible for unemployment benefits from Dr. Eugene C. Decker (employer), under section 602(A) of the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/602(A) (West 2008)) due to misconduct in connection with her work. On appeal, defendants claim that plaintiff committed misconduct when she made personal charges on her employer's credit card without his permission. Plaintiff has not filed a brief in response; however, we may proceed under the principles set forth in First

_Capitol Mortgage Corp. v. Talandis Construction Corp._, 63 Ill. 2d 128, 133 (1976).

The record shows that plaintiff was employed as the full-time office manager for the dental office of Dr. Eugene C. Decker from 2001 until her termination in September 2008. Following her termination, plaintiff filed a claim for unemployment benefits, to which her employer objected. A Department claims adjudicator ruled that plaintiff was ineligible for benefits because she was terminated for misconduct connected with her work.

Plaintiff then filed an administrative appeal, and a Department referee conducted a telephone hearing where both plaintiff and the employer testified. During that hearing, Dr. Decker stated that plaintiff was an authorized user of three office credit cards. The office had no written policy regarding the employees' use of credit cards, and although Dr. Decker did not inform plaintiff that the cards were only to be used for office-related purchases, he considered it "common sense" and an "unspoken policy" that the cards were to be limited to office-related purchases.

On September 16, 2008, while Dr. Decker was on vacation, he received an e-mail message stating that he had earned points on one of the office credit cards for using it at a restaurant that he did not patronize. Upon further investigation, Dr. Decker learned that plaintiff had made unauthorized personal charges on

the card over a 30-day period in August and September totaling $1,131.90.

When Dr. Decker returned from vacation on September 29, 2008, he confronted plaintiff about the charges. She initially denied making them, but then admitted to doing so. Plaintiff told him that she did not tell him about the purchases because she had not seen him and that she intended to repay the money. Dr. Decker, however, related that he had seen plaintiff since she made the purchases in August and that he was available by cell phone and email during his vacation. He also stated that his business never recovered the money from plaintiff's purchases.

During the hearing, plaintiff testified that she did not realize that she was not permitted to use the credit cards for personal purchases and that she did not contact Dr. Decker regarding the purchases in question because he was on vacation and she did not want to disturb him. She related her prior use of an office credit card to have an office birthday party for her sister, who was also an employee, and that Dr. Decker refused her offer for reimbursement. Plaintiff also stated that she had used an office credit card a few years ago to rent a carpet cleaner for her residence, and when she informed Dr. Decker about it afterwards, he did not indicate that he found her use of the card improper. Dr. Decker, however, did not recall these events.

In regard to the spending that caused her termination, plaintiff stated that she charged the personal items because she and her children had nothing to wear to her mother's wake. She also stated that she continued working during the period her mother was ill and died, and that she did not remember to inform Dr. Decker of her purchases on the business credit card.

The referee found that plaintiff had used the office credit card for personal use before and that Dr. Decker did not request her to reimburse the company for the debt. The referee then concluded that plaintiff was not disqualified for benefits based on misconduct, where it had become common practice to make personal purchases with the office credit card, such that no reasonable rule existed prohibiting personal purchases. The referee also concluded that Dr. Decker was not harmed because he indicated that he would use plaintiff's purchases as a tax write off.

On review, the Board concluded that plaintiff was ineligible for unemployment benefits because she was terminated for misconduct in connection with her work. The Board found that although no formal policy existed for company credit card usage, plaintiff's examples of past use did not constitute implied permission to use the credit card for personal purchases. It also concluded that plaintiff's actions were willful in that she made multiple charges over a 30-day period and never asked

permission to do so.  It also found that the employer had been harmed because Dr. Decker lost trust in his employee, never recovered the funds charged to the account, and incurred the cost of training a new office manager.

Plaintiff subsequently filed a complaint for administrative review in the circuit court of Cook County.  That court reversed the Board, finding that its decision was clearly erroneous. Defendants now contest that ruling on appeal.  They maintain that the Board's decision finding plaintiff disqualified from receiving unemployment benefits based on her misconduct under the Act was not clearly erroneous.

This court reviews the decision of the Board rather than the circuit court or the referee.  Sudzus v. Department of Employment Security, 393 Ill. App. 3d 814, 819 (2009).  The question of whether an employee was terminated for misconduct under the Act involves a mixed question of law and fact to which we apply the "clearly erroneous" standard of review.  AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 395 (2001); Oleszczuk v. Department of Employment Security, 336 Ill. App. 3d 46, 50 (2002).  An agency decision will be deemed clearly erroneous where a review of the record leaves the court with a definite and firm conviction that a mistake has been committed. AFM Messenger Service, 198 Ill. 2d at 395.  For the reasons that follow, we find this is not such a case.

1-09-2781

Section 602(A) of the Act disqualifies a former employee from receiving unemployment benefits if she was discharged for misconduct connected with her work.  820 ILCS 405/602(A) (West 2008); Grigoleit Co. v. Department of Employment Security, 282 Ill. App. 3d 64, 68 (1996).  Misconduct is defined as (1) a deliberate and willful violation of (2) a reasonable rule or policy (3) that harms the employer or other employees or has been repeated by the former employee despite a warning or other explicit instructions from the employer.  Sudzus v. Department of Employment Security, 393 Ill. App. 3d 814, 826 (2009); 820 ILCS 405/602(A) (West 2008).

Conduct is deemed willful where it constitutes a conscious act made in knowing violation of company rules.  Czajka v. Department of Employment Security, 387 Ill. App. 3d 168, 176 (2008).  A reviewing court need not find direct evidence of a rule or policy and, instead, may make a commonsense determination that certain conduct intentionally and substantially disregards an employer's interest.  Greenlaw v. Department of Employment Security, 299 Ill. App. 3d 446, 448 (1998).

Here, the record shows that plaintiff's conduct was willful in that she used her position as the office manager to make personal purchases on a business credit card over a 30-day period without her employer's permission.  Plaintiff acknowledges that these purchases were intentional, and there is no evidence that

she acted with her employer's permission or to support her contention that she acted with implied consent based on her two prior uses of the card. Those expenditures are factually distinct from the case at bar, in that the expenditure for the party for her sister and coworker was office related and the one relating to her carpet cleaning was not confirmed by her employer.

The evidence further shows that plaintiff's conduct harmed the practice by the loss of trust that had been placed in her by the employer, who also suffered a financial loss from plaintiff's purchases, and because he would have to absorb the cost of training a new office manager. We thus find that the Board's decision finding plaintiff ineligible for benefits based on misconduct connected with her work was not clearly erroneous (Ray v. Department of Employment Security, 244 Ill. App. 3d 233, 236 (1993)), and we reverse the circuit court's ruling to the contrary.

Reversed.

O'BRIEN and O'MARA FROSSARD, JJ., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each case)

BARBARA L. PHISTRY,

Plaintiff-Appellee,

v.

THE DEPARTMENT OF EMPLOYMENT SECURITY, DIRECTOR OF THE DEPARTMENT OF EMPLOYMENT SECURITY, and BOARD OF REVIEW,

        Defendants-Appellants

(EUGENE C. DECKER,

        Defendant).

---

No. 1-09-2781

Appellate Court of Illinois
First District, Fourth Division

November 18, 2010

---

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court.

O'BRIEN and O'MARA FROSSARD , JJ., concur.

---

Appeal from the Circuit Court of Cook County.

Honorable James Tolmaire, III, Judge Presiding.

---

For APPELLANTS, Illinois Attorney General, Chicago, IL (Lisa Madigan, Michael A. Scodro, Ann C. Chalstrom, of counsel)