# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Tiggens v. Department of Employment Security*, 2013 IL App (1st) 121677

---

| | |
|---|---|
| Appellate Court Caption | WILANDA G. TIGGENS, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY; DIRECTOR OF EMPLOYMENT SECURITY; and THE BOARD OF REVIEW, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-1677 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | June 27, 2013<br><br>July 29, 2013<br>August 1, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's appeal from the denial of her claim for unemployment benefits was properly dismissed based on her failure to appear at the scheduled telephone hearing, especially in view of her additional failure to immediately return the referee's call or provide an explanation for not doing so. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-51394; the Hon. Margaret A. Brennan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Adam J. Feuer, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Nadine J. Wichern, Assistant Attorney General, of counsel), for appellees.

Panel

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.

Justices Fitzgerald Smith and Epstein concurred in the judgment and opinion.


**OPINION**

¶ 1    Plaintiff, Wilanda Tiggens, filed a complaint for administrative review seeking to reverse a decision by the Board of Review of the Department of Employment Security (Board) affirming the Illinois Department of Employment Security (IDES) referee's decision to dismiss her appeal pursuant to section 801 of the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/801 (West 2010)), due to her failure to appear at the scheduled telephone hearing. The circuit court affirmed the Board's decision and Tiggens now challenges the propriety of that order on appeal.

¶ 2    The record shows that plaintiff worked as a customer service hood technician at a Valvoline Instant Oil Change franchise, which is not a party to this appeal, from December 2009 through July 30, 2011. The record is not clear on the circumstances surrounding the termination of plaintiff's employment at Valvoline, and, in her brief, plaintiff merely states that she "lost her job." The record reflects that she then filed a claim for unemployment benefits for the period of July 31, 2011 to August 10, 2011. In support thereof, plaintiff submitted documentation reflecting, *inter alia*, her course schedule at Lincoln College of Technology, where she enrolled in October 2010, and her attendance at classes each weekday from 8:30 a.m. to 2:30 p.m.

¶ 3    On August 11, 2011, the IDES claims adjudicator denied plaintiff's claim, finding on the evidence presented that plaintiff's principal occupation was that of a student, and, accordingly, she was considered unavailable for work and ineligible for benefits.

¶ 4    Plaintiff appealed and a telephone hearing with an IDES referee was scheduled for 10:30 a.m. on September 10, 2011. Plaintiff received notice of the telephone hearing, which included the telephone number at which she would be called and information regarding the circumstances under which continuances would be granted, as well as how to request one. Plaintiff was also advised that her failure to appear at the hearing could result in a finding against her, and she was sent a brochure entitled, "Preparing For Your Appeal Hearing," which included information on continuances and the "exceptional reasons" under which they

-2-

are obtained.

¶ 5        The transcript of the telephone hearing on September 10, 2011, reflects that the referee called plaintiff, but that she did not answer. The referee left plaintiff a message asking her to call immediately at the provided telephone number "so that you can have your unemployment hearing on the issue of being a student." The referee then called the alternate telephone number provided by plaintiff. Her mother answered and informed the referee that plaintiff did not live with her and that she was not present at that time. On September 13, 2011, the referee dismissed plaintiff's appeal due to her failure to appear at the scheduled hearing, pursuant to section 801 of the Act. 820 ILCS 405/801 (West 2010).

¶ 6        Plaintiff appealed to the Board, which affirmed the referee's decision. The Board found that plaintiff was notified of the scheduled hearing, and not only failed to appear, but also failed to indicate why she had not done so. The Board found that plaintiff "lacked good cause for failing to appear at the scheduled hearing and that no basis exists for setting aside the Referee's decision."

¶ 7        Thereafter, plaintiff filed a complaint for administrative review, and, when she failed to attend the scheduled hearing on March 14, 2012, the circuit court dismissed her complaint for want of prosecution. The court subsequently granted plaintiff's motion to vacate the dismissal and reinstate her complaint. However, after a hearing on May 30, 2012, the circuit court affirmed the Board's decision.

¶ 8        Plaintiff now appeals, contending that the Board's decision was clearly erroneous in that the undisputed facts demonstrate that her principal occupation was not that of a student. In doing so, plaintiff argues the merits of her case and requests that her cause be remanded for further proceedings.

¶ 9        We observe, however, that our review of plaintiff's challenge is limited to the propriety of the Board's decision (*Phistry v. Department of Employment Security*, 405 Ill. App. 3d 604, 607 (2010)), and, accordingly, that our inquiry here centers on the propriety of the Board's dismissal of plaintiff's appeal based on her failure to appear at the telephone hearing pursuant to section 2720.255 of title 56 of the Illinois Administrative Code (56 Ill. Adm. Code 2720.255 (1997)), which governs IDES administrative hearings.

¶ 10       Under subsection (a) of that provision, an appellant's failure to appear at the scheduled hearing before the referee will result in dismissal of the appeal. 56 Ill. Adm. Code 2720.255(a) (1997). In the case of a telephone hearing, the failure to answer the telephone at the number provided to the referee will cause the referee to issue a decision based on the evidence introduced by the appellant at the hearing and the evidence in the record. 56 Ill. Adm. Code 2720.255(b), (c) (1997). In this case, defendant failed to make herself available for the telephone hearing and there is no indication that any evidence was taken when the referee dismissed the appeal. We, therefore, review that dismissal for an abuse of discretion. *Christmas v. Dr. Donald W. Hugar, Ltd.*, 409 Ill. App. 3d 91, 100 (2011). That occurs only where a ruling is so arbitrary or fanciful that no reasonable person would agree with it. *Parikh v. Division of Professional Regulation of the Department of Financial & Professional Regulation*, 2012 IL App (1st) 121226, ¶ 24.

¶ 11       Where a party fails to appear and an adverse decision is rendered, that party may request

a rehearing of the appeal from the referee, provided that the party has not filed an appeal to the Board of Review. 56 Ill. Adm. Code 2720.255(e) (1997). Such request must state facts showing that her failure to appear at the scheduled hearing was due to untimely notice of the hearing or for one of the listed "exceptional reason[s] as set forth in Section 2720.240." 56 Ill. Adm. Code 2720.255(e)(1) (1997). In addition, the party must show that her request for a continuance of the hearing was either improperly denied or that she failed to make such a request due to reasons outside of her control and circumstances which could not be foreseen or avoided. 56 Ill. Adm. Code 2720.255(e)(1) (1997).

¶ 12        Here, rather than filing a request for a rehearing, plaintiff filed an appeal to the Board. Under those circumstances, the regulations provide that the appeal must "set forth the parts of the decision with which the appealing party disagrees and the specific reasons for that disagreement." 56 Ill. Adm. Code 2720.300(b)(3) (2011).

¶ 13        In her appeal to the Board, plaintiff focused solely on arguments relating to why she should not be classified as a student for purposes of the Act. The referee, however, did not address the underlying issue relating to whether plaintiff's principal occupation was that of a student but, rather, dismissed plaintiff's appeal based on her failure to appear at the scheduled hearing. Plaintiff never acknowledged or addressed her failure to appear at the hearing, which was the cited reason for the dismissal of her appeal by the referee.

¶ 14        The record thus shows that plaintiff not only failed to appear at the hearing, but also failed to request a continuance or a rehearing (56 Ill. Adm. Code 2720.255(e)(1) (1997)), and failed to abide by the regulations governing the filing of an appeal to the Board (56 Ill. Adm. Code 2720.300(b)(3) (2011)). The record also reflects that plaintiff has never provided a reason for failing to appear, much less one that would constitute an "exceptional" one under the Code. Under these circumstances, we find no abuse of discretion in the dismissal of plaintiff's appeal (*Parikh*, 2012 IL App (1st) 121226, ¶ 24), which was based on plaintiff's undisputed and unexplained failure to attend her scheduled hearing.

¶ 15        We therefore affirm the order of the circuit court of Cook County.

¶ 16        Affirmed.