(No. 34288.—

GENERAL TIME CORPORATION, WESTCLOX DIVISION, Appellant, *vs.* ROY F. CUMMINS, Director of Labor, *et al.,* Appellees.

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

WILKINSON, WITWER & MORAN, of Chicago, (J. ALFRED MORAN, and THOMAS D. BURLAGE, of counsel,) for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellees.

Mr. Justice Hershey delivered the opinion of the court:

This appeal from the circuit court of La Salle County involves a question under the Illinois Unemployment Compensation Act; *viz.*, whether an employee is eligible for compensation during a period in which there is a vacation shutdown and he receives no vacation pay.

The plaintiff, a manufacturer of time measuring devices, employs approximately 4000 workers at its plant in the La Salle-Peru area. Pursuant to collective bargaining agreements, and following a practice of long standing, the plaintiff closes its plant every year for a period of two weeks, usually during July, at which time its employees are enabled to take vacations. There is a vacation-with-pay plan in force, but workers hired subsequent to the previous year's vacation period do not receive any vacation pay, and those who have not been with the company for five years receive pay for just one week. This vacation program, including the plant shutdown, is made a part of each individual employment contract.

The defendants here are 99 workers who were entitled to only one week's vacation pay, or to no vacation pay at all, during the vacation shutdown from July 19, 1954, through August 1, 1954. They filed claims for benefits under the act, and the board of review of the Department of Labor honored their claims. On administrative review, its decision was affirmed by the circuit court. The plaintiff appeals directly to this court in accordance with section 1100 of the act. Ill. Rev. Stat. 1955, chap. 48, par. 520.

The plaintiff's case rests primarily upon section 100 of the act, (Ill. Rev. Stat. 1953, chap. 48, par. 300,) which is a declaration of public policy offered as a "guide to the interpretation and application of this Act." It reads, in part, as follows: "Economic insecurity due to involuntary unemployment has become a serious menace to the health, safety, morals and welfare of the people of the State of

Illinois. Involuntary unemployment is, therefore, a subject of general interest and concern which requires appropriate action by the legislature * * *." Asserting that the unemployment here was not "involuntary," but rather contemplated by both the individual employment contracts and the collective bargaining agreements, it insists that the claimants are not entitled to benefits. In support of this it cites several Illinois cases, interpreting the statute as it existed prior to 1951, tending to support that view. *Grobe v. Board of Review,* 409 Ill. 576; *American Steel Foundries* v. *Gordon,* 404 Ill. 174; *Walgreen Co.* v. *Murphy,* 386 Ill. 32; *Caterpillar Tractor Co.* v. *Durkin,* 380 Ill. 11.

However, as the defendants point out, all doubt regarding this issue was removed in 1951 when the legislature added the following new provision (section 610):

"Whenever an employer has announced a period of shutdown for the taking of inventory or for vacation purposes, or both, and at the time or during such shutdown makes a payment or becomes obligated or holds himself ready to make such payment to an individual as vacation pay, or as vacation pay allowance, or as pay in lieu of vacation, or as standby pay, such sum shall be deemed 'wages' as defined in Section 234 * * *. If no amount is so paid or owing, or if in any week the amount so paid or owing is insufficient to attribute any sum as wages, or if the amount so attributed as wages is less than such individual's weekly benefit amount he shall be deemed 'unemployed' as defined in Section 239." Ill. Rev. Stat. 1953, chap. 48, par. 440.

Section 239 defines an "unemployed individual" as follows: "An individual shall be deemed unemployed in any week with respect to which no wages are payable to him and during which he performs no services or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount." (Ill. Rev. Stat. 1953, chap. 48, par. 349.) And

section 500 of the act provides that an unemployed individual is eligible for benefits if he satisfies certain enumerated conditions, all of which are admittedly met here.

Thus, the legislature has provided explicitly for this situation, and such special provision takes precedence over the act's general declaration of policy. *Abbott Publishing Co.* v. *Annunzio,* 414 Ill. 559, 568, 570; Sutherland, Statutory Construction, 3d ed., 1943, par. 4806.

In a further effort to defeat these claims, the plaintiff relies on a specific "disqualification" contained in section 601 of the act which reads as follows: "An individual shall be ineligible for benefits for the week in which he has left work voluntarily without good cause * * *." Ill. Rev. Stat. 1953, chap. 48, par. 431.

When viewed in context it is apparent that the foregoing section is not a bar to the defendants' claims. Section 600 provides that "An individual shall be ineligible for benefits as provided in Sections 601 to 610, inclusive." (Ill. Rev. Stat. 1953, chap. 48, par. 430.) As noted, section 610 deals specifically with vacation-pay situations and controls over the more general section 601. But apart from this, section 601 is not applicable, since it is stipulated that the defendants were available and ready to work, and there is authority that a provision like section 601 refers only to a voluntary leaving which involves a severance of the employment relationship. *Yale & Towne Mfg. Co.* v. *Board of Review,* 163 Pa. Super. 427, 62 A.2d 99; Cal. Appeal Board Benefit Decision No. 6196, CCH Unemployment Insurance Reports, vol. 2, Cal., par. 8768.15, page 8670. See also: 55 Yale L. J. 147, 154; 10 Ohio St. L. J. 191, 198.

The judgment of the circuit court of La Salle County is affirmed.

*Judgment affirmed.*