QUINCY SCHOOL DISTRICT NO. 172, Plaintiff-Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR, Defendant-Appellant (Ann Boland, Defendant).

Fourth District   No. 4—84—0066

Opinion filed November 30, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of counsel), for appellant.

Jerry L. Brennan, of Keefe, Gorman & Brennan, of Quincy, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff Quincy School District No. 172 brought this action seeking administrative review (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*) of a final administrative decision of the Illinois Department of Labor's Board of Review finding defendant Ann Boland, a school bus driver, eligible for unemployment benefits for the period from December 27, 1981, to January 2, 1982. The circuit court of Adams County reversed, reinstating the decision of the agency's hearing referee, which denied Boland benefits, as modified by the court's reasoning. The Board of Review appeals. We affirm.

Two issues are presented by this appeal: First, whether the claimant was rendered unavailable for work because of the short duration of her unemployment; and, second, whether the period of school Christmas recess should be treated as "holidays according to the custom of his trade or occupation," under section 500(C)(2) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 300 *et seq.*, specifically par. 420(C)(2)), or as a "period of shutdown for *** vacation purposes" under section 610(A) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 440(A)).

Plaintiff school district went into recess at the close of the school day on December 18, 1981, and reopened on January 4, 1982. During this period, at which time defendant Ann Boland had been employed as a district bus driver for four years, Boland did not work and was not paid. She applied for unemployment compensation benefits, and a Department of Labor claims adjudicator found her eligible for benefits for the week of December 27, 1981, to January 2, 1982. The District appealed the claims adjudicator's eligibility determination on two bases: (1) that Boland was ineligible for benefits within the meaning of section 612(B)(2) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 442(B)(2)) as "during a period between two successive academic years or terms," and (2) that she was ineligible pursuant to section 500(C)(2) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 420(C)(2)) as unavailable for work on "days which are holidays according to the custom of his trade or occupation."

A hearing was conducted before a Department of Labor hearing referee on February 9, 1982. In his decision, the hearing referee did not address the issues raised by the employer under sections 612 and 500(C)(2), but found that the claimant was not available for work based on a finding that she preferred to work only part-time. Boland appealed the decision of the hearing referee.

By decision of March 18, 1983, the Board of Review (Board) reversed the referee's decision, referring to the recess period as a "lay-

off," and noting, with regard to Boland's availability for work, that she had certified she was available for work and prepared to return to work at any time during the vacation period. The Board rejected the District's arguments regarding Boland's disqualification under sections 612 and 500 (C)(2) of the Act:

"Section 612 provides that an individual employed by an academic institution shall be ineligible to receive unemployment insurance benefits for weeks between two successive academic terms or years, unless there is no reasonable assurance that the individual will be rehired.

Section 500C—2 states that an individual shall be considered unavailable for work on days which are holidays according to the custom of his or her trade or occupation, if the failure to work on such day is a result of the holiday.

The layoff in the instant matter did not occur between two academic terms or years, and therefore, Section 612 of the Act does not apply. Additionally, it is evident that the claimant's failure to work during the period under review was a result of the [District's] shutdown for a vacation period, and not because of the holiday, rendering Section 500C—2 inapplicable. Based on the testimony of each party, the evidence established that the claimant was subject to a short-term layoff of a definite duration during which she was available to accept suitable employment at any time, and that the eligibility requirements of Section 500C of the Act thus have been met."

Plaintiff district then commenced this action in the circuit court for administrative review. After hearing arguments, the circuit court reversed the Board of Review on the following reasoning:

"1. The claimant was unavailable for work within the provisions of sec. 500C2 of the Unemployment Act.

2. The claimant was unavailable for work because of the short time period involved in the Christmas holiday period.

The holding of the referee is re-instated as modified by its above reason."

This appeal followed.

The Board first challenges the circuit court's determination that the claimant was rendered unavailable for work because of the "short time period involved in the Christmas holiday." Section 500 of the Act, defining eligibility for benefits, opens with the following basic language:

"An unemployed individual shall be eligible to receive benefits with respect to *any week* only if the Director finds that:

A. He has registered for work ***

B. He has made a claim for benefits with respect to *such week* ***

C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 420.)

The Board references section 239 of the Act, defining the term "unemployed individual," which states in pertinent part:

"An individual shall be deemed unemployed in *any week* with respect to which no wages are payable to him and during which he performs no services or in *any week* of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount [as defined by section 401 of the Act]." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 349.)

The Board urges that to find a person must be "available" for a period longer than a week in order to be eligible under section 500(C) would be at odds with section 239. The Act requires that a claimant demonstrate his search for work for which he is qualified during *each week* for which benefits are claimed.

The Board's argument is well supported by the various provisions of the Act and Illinois decisional law. In addition to the previously referenced statutory language, section 500(D) provides in pertinent part:

"*If* his benefit year begins prior to July 6, 1975 or subsequent to January 2, 1982, *he has been unemployed for a waiting period of 1 week* during such benefit year. If his benefit year begins on or after July 6, 1975, but prior to January 3, 1982, and his unemployment continues for more than three weeks during such benefit year, *he shall be eligible for benefits with respect to each week of such unemployment*, including the first week thereof." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 420(D).)

The term "benefit year" is defined by section 242 of the Act as "the one-year period beginning with the first day of the week with respect to which the individual first files a valid claim for benefits." (Ill. Rev. Stat. 1981, ch. 48, par. 352.) The language of subsection (D) establishes a "waiting period" of unemployment which is noncompensable, unless the claimant made a valid claim for benefits during a week beginning after July 6, 1975, but before January 3, 1982. (1C Unempl. Ins. Rep. par. 1955, at 16, 196 (CCH 1983).) Availability is judged in one-week periods. After serving the waiting period, a covered worker

may receive benefits for each week in which he meets the eligibility conditions. For example, under section 610 of the Act, pertaining to shutdowns for the taking of inventory or for vacation purposes, after a covered worker has served the waiting period, assuming other eligibility conditions are met, he may receive unemployment benefits for "any week" for which he is not paid. (Ill. Rev. Stat. 1981, ch. 48, par. 440.) To interpret the Act otherwise would be in derogation of its purpose as stated in section 100, that is, to relieve the economic insecurity caused by involuntary employment. Ill. Rev. Stat. 1981, ch. 48, par. 300; see also *General Time Corp. v. Cummins* (1957), 11 Ill. 2d 543, 144 N.E.2d 607.

As to the second issue, section 500(C)(2) provides:

> "*An individual shall be considered to be unavailable for work on days listed as whole holidays* in 'An Act to revise the law in relation to promissory notes, bonds, due bills and other instruments in writing,' [Ill. Rev. Stat. 1981, ch. 17, par. 2201 (defining legal holidays)]; on days which are holidays in his religion or faith, *and on days which are holidays according to the custom of his trade or occupation,* if his failure to work on such day is a result of the holiday. In determining the claimant's eligibility for benefits and the amount to be paid him, with respect to the week in which such holiday occurs, he shall have attributed to him as additional earnings for that week an amount equal to one-fifth of his weekly benefit amount for each normal work day on which he does not work because of a holiday of the type above enumerated." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 420(C)(2).)

If the Christmas recess period is regarded as within the meaning of the emphasized language, claimant must be treated as "unavailable for work," and ineligible for benefits.

The Board treated the Christmas recess as a shutdown period for vacation purposes within the meaning of section 610 of the Act, which provides in pertinent part:

> "A. *Whenever an employer has announced a period of shutdown* for the taking of inventory or *for vacation purposes,* or both, *and* at the time of or during such shutdown *makes a payment* or becomes obligated or holds himself ready to make such payment *to an individual as vacation* pay, or as vacation pay allowance, or as pay in lieu of vacation, or as standby pay, *such sum shall be deemed 'wages'* as defined in Section 234, and shall be treated as provided in subsection C of this Section.
> &ast; &ast; &ast;

C. *** *Any individual receiving* or entitled to receive *wages* as provided in this Section *shall be ineligible for benefits* for any week in which the sums, so designated or attributed to such normal work days, equal or exceed his weekly benefit amount. *If no amount is so paid or owing, or if in any week the amount so paid or owing is insufficient to attribute any sum as wages, or if the amount so designated or attributed as wages is less than such individual's weekly benefit amount, he shall be deemed 'unemployed' as defined in Section 239.''* (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 440.)

The Board urges that its interpretation that section 500(C)(2) is inapplicable to the Christmas recess period is entitled to substantial deference. The courts are not bound by the construction which the agency charged with administering a statute places on it, but administrative interpretation does have persuasive effect. *Mississippi River Fuel Corp. v. Illinois Commerce Com.* (1953), 1 Ill. 2d 509, 116 N.E.2d 394.

The Board of Review has construed the "holidays" provision of section 500(C)(2) to apply only to *individual holidays* but not to any period of unemployment which precedes or follows such holidays. Under this interpretation, Christmas day is a "holiday" within the meaning of this subsection, but it is set within a school recess for vacation purposes. The Board states that the reference to "holidays within a trade or occupation" was intended to provide for single, nonlegal holidays, such as April 1 for the United Mine Workers or May 1 as celebrated by the International Ladies' Garment Workers' Union. We disagree.

There is perhaps no more widely recognized holiday period than that of the Christmas recess period as observed in Illinois schools, although the precise dates of the recess may vary from year to year and between districts. We therefore conclude that this period falls within the meaning of section 500(C)(2) of the Act, as holidays according to the custom of the trade or occupation, and clearly distinguishable from a shutdown for inventory or vacation purposes within the meaning of section 610 of the Act (see *e.g., General Time Corp. v. Cummins* (1957), 11 Ill. 2d 543, 144 N.E.2d 607).

Affirmed.

MILLER and WEBBER, JJ., concur.