ANNIE R. ECHOLS, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants (Vancon Management Services, c/o Rob West Associates, Defendants).

First District (4th Division)    No. 1—95—0085

Opinion filed February 6, 1997.

James E. Ryan, Attorney General, of Chicago (Janon E. Fabiano, Assistant Attorney General, of counsel), for appellants.

No brief filed for appellee.

JUSTICE CERDA delivered the opinion of the court:

The Department of Employment Security, the Director of Employment Security and the Board of Review of the Department of Employment Security (Board) appeal from a decision of the circuit court of Cook County that reversed the Board's determination that plaintiff, Annie R. Echols, was ineligible for unemployment benefits. Appellants contend that the Board's decision was neither against the manifest weight of the evidence nor contrary to law. Although plaintiff has not filed a brief in this case, we elect to reach the merits of the appeal under the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493 (1976).

Plaintiff had been employed as a school bus driver. She worked seven or eight hours per day, five days per week, and earned $8.89 per hour. According to plaintiff's notice of claim, her last applicable day of work was December 17, 1993, which was the beginning of the school Christmas break. On December 19, 1993, plaintiff filed a claim for unemployment benefits and began looking for other work in the same wage range.

Plaintiff's employer, Vancon Management Services, contested plaintiff's request for unemployment benefits on the ground that she was not available for work because the period for which she sought benefits was the school Christmas break.

At the hearing subsequently held on this matter, plaintiff testified that she would have been willing to travel 5 to 10 miles in order to become reemployed. She had her own car and made personal inquiries at several local retail stores and businesses. She did not know what their rates of pay would have been because each told her that it was not hiring. She testified that she would have accepted a job offering $6 per hour and would have quit her bus-driving position had she found other full-time work. She also stated that she would have preferred to work for the bus company during the Christmas break but acknowledged that only a few positions were available and admitted that she had never worked during that period before.

The hearings referee found that plaintiff had performed an adequate job search but had placed "unrealistic wage and travel restrictions on her employability." Plaintiff's request for benefits was denied from December 19, 1993, through January 1, 1994. Plaintiff filed an appeal from this ruling with the Board, which adopted the decision of the referee without a hearing.

Plaintiff filed a *pro se* complaint in administrative review. The trial court found that the record did not support the Board's decision. It specifically considered the question of plaintiff's availability for work during the school Christmas break, an issue raised by the Board, which noted that the issue was also before the administrative authorities. The trial court found that plaintiff had expressed her willingness to accept a job at less than her wage as a bus driver and had attempted to secure employment at a number of different places, and that her search within a 10-mile radius from her home was not unreasonable. The trial court also found that plaintiff's employer had work for other employees but not for plaintiff and distinguished the case on which the Board relied, *Quincy School District No. 172 v. Board of Review*, 129 Ill. App. 3d 93, 96-98, 471 N.E.2d 1056 (1984), on the ground that here a private employer was involved. The trial court reversed the Board's decision, and the Board appealed.

■ Appellants contend that the trial court should be reversed because the Board's administrative decision was neither against the manifest weight of the evidence nor contrary to law. Section 500 of the Unemployment Insurance Act (Act) provides that an unemployed individual shall be eligible to receive benefits if the Director finds that she has registered for work, she has made a claim for benefits, and she is able to work and is available for work. 820 ILCS 405/500

(West 1994). Section 500(C)(2) states in part that an individual "shall be considered to be unavailable for work *** on days which are holidays according to the custom of his trade or occupation, if his failure to work on such day is a result of the holiday." 820 ILCS 405/500(C)(2) (West 1994).

■ The *Quincy* court specifically considered whether the period of school recess at Christmas should be treated as a holiday "according to the custom of his trade or occupation" under section 500(C)(2) of the Act in the context of a school bus driver's claim for unemployment benefits. The court stated:

> "There is perhaps no more widely recognized holiday period than that of the Christmas recess period as observed in Illinois schools, although the precise dates of the recess may vary from year to year and between districts. We therefore conclude that this period falls within the meaning of section 500(C)(2) of the Act, as holidays according to the custom of the trade or occupation ***." *Quincy School District No. 172*, 129 Ill. App. 3d at 98.

Although the employer in the *Quincy* case was a school district and was not a private employer, as in the case before us, it is not distinguishable on that basis. In both cases, the plaintiff is a school bus driver. The reason for the unemployment status in both situations is the same; the Christmas holidays are nonwork periods in that line of work. Therefore, during the Christmas recess plaintiff was unavailable for employment under section 500(C)(2) of the Act and was not entitled to unemployment compensation regardless of her attempts to locate work.

The judgment of the trial court is reversed.

Reversed.

WOLFSON, P.J., and BURKE, J., concur.