LIZA LEONARD, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

Third District    No. 3—99—0273

Opinion filed November 23, 1999.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Darryl B. Simko (argued), Assistant Attorney General, of counsel), for appellants.

James T. Reilly (argued), of M.G. Gulo & Associates, Ltd., of Streator, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Liza Leonard (Leonard) filed suit under the Unemployment Insurance Act (Act) (820 ILCS 405/500 (West 1998)), appealing two decisions by the Board of Review of the Department of Employment Security (Board) in which the Board denied Leonard unemployment compensation. On administrative review, the circuit court consolidated the two cases and reversed the Board's decisions. We hold that school bus drivers employed by private charter companies that assign employees alternative work during the traditional school holidays qualify for unemployment compensation when not employed during those holidays.

## FACTS

Leonard is a bus driver for Ryder Student Transport (Ryder), a company that provides transportation to grade school students in Streator, Illinois, as well as private charter services. Leonard was temporarily laid off between December 21, 1997, and January 3, 1998, and between April 12, 1998, and April 18, 1998, while the children were off for Christmas and spring break, respectively.

Leonard filed two written claims for unemployment benefits, both of which were denied by the Illinois Department of Employment Security. She appealed her cases to two separate Department referees. In two different telephone testimonials, Leonard stated that she was laid off for Christmas and spring break, as she is every year. Leonard also stated that she has been awarded unemployment benefits every year, except for those periods when she earned too much money working other assignments.

Leonard is primarily assigned as a school bus driver but she also trains new drivers, teaches a defensive driving course and drives private charters for Ryder. Ryder assigns its charter services to its employees on a rotational basis. Therefore, even when its employees have been temporarily laid off, they must remain available to accept a charter if they are called to do so. Ryder similarly provides busing services to schools with different vacation schedules, enabling Ryder to operate year-round.

While Leonard was able to perform charter work for Ryder on April 13 and April 17 of 1998, Ryder could find no other work for her during the remainder of the two break periods. Had Ryder called her with any other assignments during those periods, however, Leonard was available to work, as she always had been in the past.

Both of Leonard's claims were denied by the referees. She then mailed two written appeals to the Board, both of which were denied. Finally, Leonard appealed to the circuit court of La Salle County, where her cases were consolidated. The trial court overruled the Board and the Board appeals.

## ANALYSIS

■ At the outset, the parties disagree about the correct standard of review to be applied. Judicial review of the Board's decisions extends to all questions of law and fact presented by the record. 735 ILCS 5/3—110 (West 1998). The Board's factual findings are considered *prima facie* true and correct, and a reviewing court may set aside such decisions only if they are contrary to the manifest weight of the evidence. *Jones v. Department of Employment Security*, 276 Ill. App. 3d 281, 657 N.E.2d 1141 (1995). Questions of law, however, are subject to *de novo* review. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 692 N.E.2d 295 (1998).

■ Here, this court must decide whether the Board erred in determining that Leonard was not entitled to unemployment compensation under the Act. To do so, we must interpret the statutory provisions of the Act as well as consider the legal effect of the Board's factual determinations. This analysis involves a mixed question of law and fact and, therefore, requires this court to apply the clear error standard of review. *City of Belvidere*, 181 Ill. 2d at 205, 692 N.E.2d at 302.

The only issue on appeal, then, is whether the Board's decision to deny Leonard unemployment benefits under the Act was clearly erroneous.

■ Section 500 of the Act provides that an unemployed individual shall be eligible to receive benefits if the Director finds that she has registered for work, she has made a claim for benefits, and she is available for work. 820 ILCS 405/500 (West 1998). Section 500(C)(2) provides in part that an individual "shall be considered to be unavailable for work *** on days which are holidays according to the custom of his trade or occupation, if his failure to work on such day [*sic*] is a result of the holiday." 820 ILCS 405/500(C)(2) (West 1998).

Thus, under section 500(C)(2) of the Act, Leonard is entitled to receive unemployment benefits only if the layoffs were not "holidays" according to the custom of Leonard's trade or occupation.

Leonard testified that, in addition to her school bus route, she trains new drivers, teaches a defensive driving course, and drives private charters for Ryder. In the past, Leonard has been able to secure alternative employment with Ryder while the children on her school bus route are on break. In fact, Leonard worked two days during the April spring break layoff period for which she is currently seeking benefits. All these facts indicate that the Christmas and spring break periods are not "holidays" within Leonard's custom of trade.

In opposition to this conclusion, the Board contends that the decisions in *Quincy School District No. 172 v. Board of Review of the Department of Labor*, 129 Ill. App. 3d 93, 471 N.E.2d 1056 (1984), and *Echols v. Department of Employment Security*, 286 Ill. App. 3d 474, 676 N.E.2d 292 (1997), are dispositive of the issue here. In *Quincy*, the court applied section 500(C) to a school-district employed bus driver and found that the entire period of school recess for Christmas was a "holiday" within the custom of the trade of the driver and, accordingly, she was not entitled to unemployment compensation. *Quincy*, 129 Ill. App. 3d at 94, 471 N.E.2d at 1059. The *Echols* court extended the holding in *Quincy* to a bus driver employed by an independent bus company whose position with that company involved transporting children to school. *Echols*, 286 Ill. App. 3d at 476, 676 N.E.2d at 294.

Although this case similarly involves a claim for unemployment benefits by a school bus driver during school break periods, we find it to be distinguishable from *Quincy* and *Echols*. In *Quincy*, the plaintiff, unlike Leonard, was employed by the school district in the sole capacity of a school bus driver. The plaintiff in *Echols*, like Leonard, worked for an independent bus company but, unlike Leonard, also worked only in the capacity of a school bus driver and admitted that she had never worked during the holiday break period in the past.

■ ■ The purpose of the Act is to "alleviate the economic burden of involuntary unemployment on an employee." *Caterpiller, Inc. v. Department of Employment Security*, 304 Ill. App. 3d 492, 494, 710 N.E.2d 890, 892 (1999). The Act is to be liberally construed to provide benefits to persons not working through no fault of their own but who are ready, willing and able to work. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 688 N.E.2d 90 (1997). While a school bus driver is not normally eligible for unemployment benefits during school holiday breaks, Leonard was not exclusively employed as a bus driver and was often given work assignments during break periods. Moreover, Leonard's employer was not closed during the school holiday breaks because it also catered to private charters and other schools not on break during the same time. Leonard was expected to work during the break periods if called by Ryder and she did, in this instance, work for

part of the break. We do not find Leonard to be significantly different from other types of employees, such as truck drivers, dockhands and office workers, entitled to unemployment benefits during temporary layoff periods due to a work shortage. See, *e.g.*, *Be-Mac Transport Co. v. Grabiec*, 20 Ill. App. 3d 345, 314 N.E.2d 242 (1974).

Accordingly, we find that the Board's decision denying Leonard unemployment benefits was clearly erroneous. For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed and this cause is remanded to the court with instructions to order the Board to institute further proceedings consistent with the views expressed herein.

Affirmed and remanded.

HOLDRIDGE, P.J., and SLATER, J., concur.