(No. 50951.—

GRIFFITTS CONSTRUCTION COMPANY, INC., Appellant, v. THE DEPARTMENT OF LABOR *et al.,* Appellees.

*Opinion filed March 20, 1979.—Rehearing denied May 30, 1979.*

100

Thomas R. Wetzler and Thomas F. Sonneborn, of Springfield, for appellant.

William J. Scott, Attorney General, of Springfield (Joseph D. Keenan III, Assistant Attorney General, of Chicago, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the appellate court in an action under the Unemployment Compensation Act (Ill. Rev. Stat. 1965, ch. 48, par. 300 *et seq.*). The defendant Director of Labor ruled that plaintiff was an employing unit subject to the provisions of the Act insofar as the services of a certain salesman and canvassers are concerned. The circuit and appellate courts affirmed and we allowed plaintiff's petition for leave to appeal.

Plaintiff, Griffitts Construction Company, is in the home-improvement business. Much of its business is generated through the efforts of salesmen and canvassers, whose services during the first two quarters of 1965 are the basis of this litigation.

Pursuant to the request of plaintiff's accountant, a field agent of the Division of Unemployment Compensation conducted a review of plaintiff's records to determine whether plaintiff was liable to pay money into the unemployment compensation fund because of services performed by a certain salesman and canvassers. As a result of his examination of the records, the agent made a determination of liability in the amount of $181.54. Plaintiff agreed to make the payment immediately to stop the accrual of interest, but indicated that it would seek a refund.

On August 4, 1965, plaintiff filed a claim for refund with the defendant Director of Labor. The claim was denied. On December 4, 1965, plaintiff filed a protest and requested a hearing. The hearing was conducted on October 8, 1969, before Helen Peckler, a representative of the Director. In her report filed December 4, 1970, Ms. Peckler recommended that the Director's previous determination of liability be affirmed. Ms. Peckler's recommendation was based on her findings that the salesman and canvassers in question were employed by plaintiff within

the meaning of the Unemployment Compensation Act and that the services of these individuals were not exempt as being those of an independent contractor (Ill. Rev. Stat. 1965, ch. 48, par. 322). Plaintiff filed objections, but the Director adopted Ms. Peckler's recommendation as his decision. Plaintiff filed a complaint for administrative review in the circuit court of Sangamon County. That court affirmed, and plaintiff appealed to the appellate court, which also affirmed (58 Ill. App. 3d 1114).

In this court, plaintiff asks us to rule that the services of the salesman and the canvassers are exempt from coverage under the Act. Plaintiff admits that the relationship between it and the salesman and canvassers constitutes "employment" within the meaning of the Act. That word is defined broadly as "any service *** performed by an individual for an employing unit ***." (Ill. Rev. Stat. 1965, ch. 48, par. 316.) Plaintiff contends, however, that the services are exempt under section 212 of the Act (Ill. Rev. Stat. 1965, ch. 48, par. 322), the so-called "independent contractors" exemption. The section provides:

"Service performed by an individual for an employing unit, whether or not such individual employs others in connection with the performance of such services, shall be deemed to be employment unless and until it is proven in any proceeding where such issue is involved that—

A. Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

B. Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

C. Such individual is engaged in an independently established trade, occupation, profession, or business." Ill. Rev. Stat. 1965, ch. 48, par. 322.

As prior cases have pointed out, this statutory

definition supplants the common law concept of independent contractor, and because the conditions specified in section 212 are in the conjunctive, all three must be satisfied to entitle an employing unit to an exemption (*A. George Miller, Inc. v. Murphy* (1942), 379 Ill. 524, 527). Because the Act was passed with the public welfare in mind, construction of its provisions should favor inclusion, and there is a strict burden of proof placed upon one claiming an exemption (*Grant Contracting Co. v. Murphy* (1944), 387 Ill. 137, 143, 148). The inquiry should be directed at determining the actual rather than the alleged relationship of the employing unit and the person whose services are in question; designations and terminology used by the parties are not controlling (*Murphy v. Daumit* (1944), 387 Ill. 406, 415). Our task as a reviewing court is to determine whether the decision of the Director of Labor is against the manifest weight of the evidence or is not supported by evidence in the record. *Mohler v. Department of Labor* (1951), 409 Ill. 79, 85.

The report of the Director's representative, adopted by the Director as his decision, states that plaintiff has failed to prove that it has met any of the three conditions of section 212. The representative's findings are as follows:

"1. That the salesmen who performed services for the petitioner were not free from direction or control over the performance of such services.

2. That these salesmen performed services that were in the usual course of the business of the petitioner.

3. That these salemen were not engaged in any independently established trade, occupation, profession, or business.

4. That these salemen were in the employment of petitioner.

5. That these salesmen hired canvassers with the implied or express consent of the petitioner.

6. That the canvassers were in the employment of petitioner."

Our review of the record convinces us that the

Director's determination of liability should be affirmed, as we believe that the evidence in the record supports the finding that the salesman and canvassers were not free from plaintiff's control and that plaintiff therefore failed to prove that it satisfied subparagraph (A) of section 212. Because the failure to prove compliance with any one of section 212's subparagraphs defeats an employing unit's claim of exemption, we need not consider whether plaintiff has met the conditions for an exemption specified in subparagraphs (B) and (C).

The salesman in question is Harley Griffitts, who is also vice president and shareholder of plaintiff. Although Griffitts testified that, as a salesman, he was free to offer home-improvement contracts to any company, he also conceded that he submitted all contracts to plaintiff. It is reasonable to assume that he did so under compulsion as officer and shareholder of the company. Under the statute, this is a sufficient basis for denying the exemption, since freedom from control must be established under both "contract of service and in fact." (Ill. Rev. Stat. 1965, ch. 48, par. 322(A).) In determining whether an employing unit is required to contribute to the unemployment compensation fund for the services of an individual in a given job classification, we must "investigate the relationship by an examination of the incidents and circumstances surrounding the classification, so that it may be determined what the relationship was in fact." (*Murphy v. Daumit* (1944), 387 Ill. 406, 415.) We therefore also give little weight to Griffitts' designation of himself as an "outside salesman."

In summary, we find that plaintiff has not met its burden of proof in claiming an exemption, and we hold that the decision of the Director, that condition (A) of section 212 is not met, is not against the manifest weight of the evidence and is supported by the evidence. The exemption was properly denied.

We note, too, that our holding encompasses the services of the canvassers involved in this case. The canvassers worked for Griffitts in soliciting business and, once a prospect was found, Griffitts would attempt to close the deal. The work of the canvassers thus became subsumed in Griffitts' closing efforts and execution of contracts. The canvassers were therefore indirectly under the same sort of control as that exerted over Griffitts, and plaintiff must contribute to the unemployment compensation fund on their behalf also.

Plaintiff has additionally argued that section 212 is unconstitutional in that it violates equal protection principles. Plaintiff's argument is that its salemen are treated differently from real estate and insurance salesmen in that the latter two groups are absolutely exempted from coverage of the Act (Ill. Rev. Stat. 1965, ch. 48, pars. 327, 338) without a rational basis for this distinction in treatment. Because this argument was not timely raised, we do not address the issue. (*People v. Brand* (1953), 415 Ill. 329, 337.) The argument now made was not raised before the Director or his representative, and was not brought to the attention of the circuit court until newly retained counsel questioned the constitutionality of the law in a memorandum in support of a motion to vacate the circuit court's judgment. The motion itself, which was denied, contained no discussion of the issue. The circuit court did not err in refusing to respond to such a tardy request. (*Jenisek v. Riggs* (1942), 381 Ill. 290, 293-94.) The first court to address the issue was the appellate court, which rejected the constitutional claim, mainly on the ground that plaintiff had produced no evidence of irrationality. Indeed, it was impossible for the court to find any such evidence because plaintiff had not properly and timely brought the issue to the attention of any body that could have received evidence, and no evidence was therefore introduced. We find it equally difficult to review

evidence that was never introduced and therefore hold that the point was waived.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*