B. D. BENNETT, d/b/a Good & Plenty Drywall, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellee.

Second District    No. 2—88—0009

Opinion filed October 26, 1988.

Michael G. Boylan, of Boylan & Neptune, of Geneva, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, B. D. Bennett, d/b/a Good and Plenty Drywall, appeals from a judgment of the circuit court of Kane County. The circuit court affirmed the decision of the Illinois Department of Employment Security (IDES) that plaintiff's workers were not independent contractors as defined by section 212 of "An Act in relation to a system of unemployment insurance" (Ill. Rev. Stat. 1985, ch. 48, par. 322). On appeal, plaintiff contends that he satisfied his burden of proof at the hearing, thus shifting the burden to the IDES and that the agency's decision was against the manifest weight of the evidence. We affirm.

On June 10, 1985, the IDES issued a notice of assessment to plaintiff for unpaid contributions to the unemployment insurance fund. Plaintiff paid the amount due under protest and filed a written protest and request for a hearing, alleging that his workers were independent contractors, not employees. On June 13, 1986, a hearing was held before R. L. Hamilton, a representative of the Director of the IDES.

Plaintiff's first witness was John Malkowski, plaintiff's accountant. Malkowski was present while the IDES auditor examined plaintiff's records. Malkowski testified that the auditor asked him whether certain individuals were subcontractors, and when Malkowski told the auditor that he did not know, the auditor did not undertake any more effort to determine the status of those individuals.

The next witness was Paula Bennett, plaintiff's wife. Paula stated that she is the bookkeeper for the company and also issues the checks. She testified that a number of items included in the auditor's report were checks written to relatives, accountants, bookkeepers, lawyers, and vendors. The plaintiff then testified on his own behalf.

Plaintiff stated that he is a drywall general contractor who bids on drywall installation jobs and then hires people to do the installation. Plaintiff's main offices are in his home, and none of his workers work at his home. Plaintiff hires journeymen who are able to install drywall without any supervision. The workers are required to sign a contract with plaintiff, and the contract states that the individual is an independent contractor. The contract also requires the individual worker to provide his own liability insurance and to pay his own taxes. Plaintiff testified that he did not direct the workers to work certain hours, but merely informed them of the deadline for the job. The workers supplied their own tools, but plaintiff supplied the materials and a special tool which could only be rented. Plaintiff also testified that the workers did drywall installation for other contractors. Plaintiff would visit the jobsite sporadically to check on the progress of the job, and if a worker was not doing an adequate job, plaintiff would fire him or not hire him for the next job. Plaintiff further testified that he would assist his workers when there was an emergency.

The director's representative found that plaintiff did not satisfy the requirements of section 212; therefore, plaintiff's workers were employees, not independent contractors. Plaintiff filed objections to this decision, and the objections were overruled by the Director of the IDES. Plaintiff then filed a complaint for administrative review in the circuit court of Kane County. The court affirmed the agency's decision, and this appeal ensued.

Plaintiff's first contention is that he satisfied the burden of proof at the hearing. Specifically, he argues that he presented enough evidence to shift the burden to the agency to disprove his evidence. We disagree.

■ Section 212 of "An Act in relation to a system of unemployment insurance" (Ill. Rev. Stat. 1985, ch. 48, par. 322) sets out the following conditions which must be met in order for a worker to be considered an independent contractor:

"Service performed by an individual for an employing unit, whether or not such individual employs others in connection with the performance of such services, shall be deemed to be employment unless and until it is proven in any proceeding where such issue is involved that—

A. Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

B. Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

C. Such individual is engaged in an independently established trade, occupation, profession, or business." (Ill. Rev. Stat. 1985, ch. 48, par. 322.)

All three of these conditions must be satisfied to allow an independent contractor exemption, and the party claiming the exemption is held to a strict burden of proof. *Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 104.

Plaintiff argues that when a plaintiff presents sufficient evidence in an administrative hearing, the burden of proof shifts to the agency. Plaintiff misapprehends the nature of the proceedings below. The case he cites in support of the aforementioned proposition is *J. H. Walters & Co. v. Department of Revenue* (1969), 44 Ill. 2d 95. However, *Walters* is inapposite to the case at bar because in *Walters* the administrative proceeding was an adversarial proceeding where the agency had the ultimate burden of proof. *Walters*, 44 Ill. 2d at 105.

■ The proceeding in the present case was not an adversarial proceeding. The entire burden in this case was on plaintiff, and the IDES was not required to present any evidence. While plaintiff characterizes Hamilton's questioning as "cross-examination," the IDES did not have a representative there to defend its position. Hamilton was not an advocate for IDES, but a neutral hearing officer designated to decide the case. The plaintiff in a section 212 hearing is not

merely required to set out a *prima facie* case, but is held to a strict burden of proof. (*Griffitts Construction Co.*, 76 Ill. 2d at 104.) Because that strict burden was adhered to, we conclude that the agency correctly allocated the burden of proof.

Plaintiff's second contention is that the agency's decision was against the manifest weight of the evidence. Plaintiff argues that his workers satisfied all three requirements set out in section 212. We do not agree.

■ The findings and conclusions of administrative agencies on questions of fact are considered true and correct. Therefore, a reviewing court's determinations are limited to whether the agency's findings are contrary to the manifest weight of the evidence. *Legal Process Service, Inc. v. Ward* (1988), 165 Ill. App. 3d 83, 86-87.

■ The first requirement set forth in the statute is that the individual must be free from control over his performance. Even though the details of the service are left to the individual workers, a worker is under "control," as used in section 212, if the worker is under the employer's general control. *Stauffer Reducing, Inc. v. Cummins* (1962), 23 Ill. 2d 567, 569.

■ The present case is an example of general control. Plaintiff set the workers' wages, provided the materials, gave them deadlines for completion, and could discharge them if he did not think their work was satisfactory. While plaintiff did not have a supervisor present while a job was taking place, he would visit jobsites and assist his workers in an emergency. The hearing officer noted that in a regular independent contractor-employer relationship, the independent contractor provides the contract, not the employer. We also note that plaintiff did not require the workers to execute a contract for every job. Therefore, we conclude that the agency's finding as to the first element of section 212 was not against the manifest weight of the evidence.

Because plaintiff was required to prove all three elements of section 212, and we conclude that he did not prove the first element, we will not discuss the other two elements of section 212. In addition, our resolution of this issue renders it unnecessary to consider plaintiff's attorney fees issue.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

REINHARD and DUNN, JJ., concur.