CHRISTELLA JONES, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants (The Gamaliel Foundation, Defendant).

First District (3rd Division) No. 1—93—3641

Opinion filed November 15, 1995.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellants.

Jeffrey B. Gilbert and Benjamin C. Weinberg, both of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:
Plaintiff, Christella Jones, pursuant to section 3—101 of the Code

of Civil Procedure (735 ILCS 5/3—101 (West 1992)), filed this action for administrative review in the circuit court against defendants, the Illinois Department of Employment Security (IDES), the Director of Illinois Department of Employment Security, and the Board of Review, seeking reversal of the Board of Review's affirming of a referee's decision finding plaintiff ineligible for unemployment compensation. The IDES appeals division referee's decision affirmed an IDES claims adjudicator's earlier determination that plaintiff was ineligible for unemployment benefits. On October 17, 1993, the circuit court reversed the Board of Review's decision as being against the manifest weight of the evidence and entered judgment for plaintiff. It is from this judgment that defendants now appeal to this court pursuant to section 3—112 of the Code of Civil Procedure (735 ILCS 5/3—112 (West 1992)) and Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

On July 28, 1992, plaintiff filed a claim for unemployment benefits, naming defendant Gamaliel Foundation as the chargeable employer. The foundation filed a timely protest to plaintiff's claim, stating that plaintiff voluntarily left the foundation's employ to work for Carol Mosely Braun's campaign for the United States Senate. Subsequently, after initially finding plaintiff eligible for unemployment compensation, an IDES claims adjudicator reconsidered that decision and determined plaintiff to be ineligible for unemployment compensation because of voluntary separation from employment. Plaintiff then appealed the claims adjudicator's decision to the appeals division of IDES, whose referee held a hearing on the matter.

At the outset of the hearing, plaintiff was asked why she stopped working at the Gamaliel Foundation. Plaintiff responded that prior to May 12, 1992, she had had a meeting with Greg Galluzzo, the foundation's executive director, and requested a leave of absence to work for the Braun campaign, which he granted. Plaintiff recounted that she and Galluzzo had agreed that she could return to her job after the election was over or sooner should her position with the campaign not work out.

Plaintiff recalled that she tried to return to work on July 27, 1992, but was told by the foundation's assistant director, Joseph Mariano, that the Gamaliel Foundation had restructured itself. Mariano further informed plaintiff in their meeting that the person who was sitting in for her was working for less money than the foundation had been paying plaintiff and that the position was closed to her.

The Gamaliel Foundation never offered Mariano's testimony in rebuttal; however, Galluzzo did testify as to his conversation with plaintiff before she began working for the Braun campaign.

Initially, Galluzzo maintained that he only agreed that he "would consider rehiring" plaintiff when the campaign ended. The referee then pressed Galluzzo and asked him specifically "when [plaintiff] left in May [1992] did you consider her employment to have ended there?" Galluzzo responded that his "hope was that [plaintiff] would find a new career and move on to other opportunities." To this response the referee repeated his question and added that "you're not answering my question." Galluzzo then asserted "I did consider her employment terminated."

Immediately thereafter, however, Galluzzo volunteered that: "On the *** possibility that [plaintiff] would not get *** another job opportunity at the end of the campaign[,] we hired a replacement for 5 months *** until November. And I told this replacement that *** after November I'm not sure if I'm going to guarantee you this position."

Plaintiff then offered the testimony of John Arlington, who had worked for an organization affiliated with the Gamaliel Foundation for 3 1/2 years. Arlington testified that he had spoken with Galluzzo about plaintiff's employment status and that Galluzzo had referred to plaintiff's job with the Braun campaign as a "temporary position" and that her departure was a leave of absence. Arlington also recalled that Galluzzo thought working on the Braun campaign was an excellent opportunity for plaintiff and if as a result of it she then obtained a good position elsewhere so much the better, but "if she came back[,] fine."

After Arlington's testimony, Galluzzo admitted: "Okay. Okay. I think it's clear to everyone that [plaintiff] had a 5 month leave of absence." There are numerous other instances in the record where Galluzzo refers to plaintiff's separation from the foundation as a leave of absence.

The referee found that plaintiff had left the Gamaliel Foundation's employ voluntarily and, therefore, did not qualify for unemployment benefits. The referee made no mention of Galluzzo's repeated admissions that he had granted plaintiff a leave of absence or of the testimony of plaintiff and Arlington's testimony. Plaintiff appealed the referee's decision to the Board of Review.

The Board of Review affirmed the referee's conclusion and issued a one-paragraph decision incorporating by reference the referee's determination with an additional finding that plaintiff was never discharged. Plaintiff then filed this action in the circuit court of Cook County.

The circuit court reversed the decision of the Board of Review as being against the manifest weight of the evidence. Specifically, the court held that the manifest weight of the evidence supported the conclusion that plaintiff had been granted a leave of absence and that before the end of her leave of absence, the Gamaliel Foundation informed her that she would not be allowed to return to her position at any time in the future. Thus, it was the foundation which severed the employment relationship and, therefore, plaintiff should not have been disqualified from unemployment benefits. Defendants then filed the instant appeal.

## ISSUE PRESENTED FOR REVIEW

On appeal, the issue is whether the circuit court erred in finding the Board of Review's decision denying plaintiff unemployment benefits was against the manifest of the evidence.

## OPINION

■ The primary purpose of the Unemployment Insurance Act (hereinafter the Act) is to relieve the economic insecurity and hardship caused by involuntary unemployment. (820 ILCS 405/100 (West 1992); *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 577, 494 N.E.2d 1266.) The Act is intended to benefit only those persons who become unemployed through no fault of their own. (*Mohler v. Department of Labor* (1951), 409 Ill. 79, 86, 97 N.E.2d 762.) Accordingly, section 601(A) provides that "[a]n individual shall be ineligible for benefits *** [because] he *** left work voluntarily without good cause attributable to the employing unit." 820 ILCS 405/601(A) (West 1992).

■ With regard to the findings of an administrative agency, it is established law in Illinois that such findings are *prima facie* true and correct and will not be disturbed by a reviewing court unless such findings are against the manifest weight of the evidence. (735 ILCS 5/3—110 (West 1992); *Finik v. Department of Employment Security* (1992), 171 Ill. App. 3d 125, 133, 524 N.E.2d 1148.) An administrative decision is against the manifest weight of the evidence only when, after viewing the evidence in a light most favorable to the agency, the court determines that no rational trier of fact could have agreed with the agency's decision. (*County of Will v. Illinois State Labor Relations Board* (1991), 220 Ill. App. 3d 62, 65, 580 N.E.2d 887.) If any evidence fairly supports the administrative agency's action, the decision is not against the manifest weight of the evidence and must be sustained on review. (*Farmers State Bank v. Department of Employment Security* (1991), 216 Ill. App. 3d 633, 640, 576 N.E.2d 532.)

However, as deferential as this standard of review is, it "does not permit Illinois courts to automatically place a stamp of approval on the findings of the agency merely because [the] agency heard the witnesses and made the requisite findings." (*Viera v. Illinois Racing Board* (1978), 65 Ill. App. 3d 94, 99, 382 N.E.2d 462.) Accordingly, "when an administrative order is contrary to the manifest weight of the evidence, it is the duty of the appellate court to affirm the action of the circuit court in setting the order aside." *Gee v. Board of Review of the Department of Labor* (1985), 136 Ill. App. 3d 889, 895, 483 N.E.2d 1025.

■ That said, we now turn to defendants' assertion that the circuit court erred in overturning the Board of Review's decision. Defendants contend that there was sufficient evidence to support the Board of Review's decision. We could not disagree more. The only shred of evidence that could somehow be construed in favor of the Board's decision is Galluzzo's initial assertion that no leave of absence was approved for plaintiff. However, Galluzzo, sometimes in the same breath, would contradict himself on this point at numerous points in the record. Eventually, Galluzzo *admitted* his lack of candor during the proceedings when he stated: "Okay. Okay. I think it's clear to everyone that [plaintiff] had a 5 month leave of absence." In contrast, there was ample evidence presented by plaintiff supporting her position. Therefore, we find the circuit court did not err in setting aside the finding as it was contrary to the unimpeached and uncontroverted evidence. *Wright v. Department of Labor* (1988), 166 Ill. App. 3d 438, 519 N.E.2d 1054.

Thus, given that there was a leave of absence and that plaintiff attempted to return to work but was discharged by Mariano upon her return, we find the termination of employment to have been involuntary and attributable to the Gamaliel Foundation. Consequently, there was no error by the circuit court in the case.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.