1 October 1999

No. 3--98--0648

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

COHEN FURNITURE COMPANY, ) Appeal from the Circuit Court

) for the 10th Judicial Circuit

Plaintiff-Appellee, ) Peoria County, Illinois 

)

v. ) 

) 

STATE OF ILLINOIS DEPARTMENT ) No. 96 MR 407

OF EMPLOYMENT SECURITY & LYNN )

QUIGLEY DOHERTY, DIRECTOR )

OF EMPLOYMENT SECURITY, ) Honorable

) Richard E. Grawey,

Defendants-Appellants. ) Judge Presiding

ORDER

In this appeal we must determine whether the trial court erred in reversing the decision of the Department of Employment Security by finding that Cohen Furniture Company did not owe any contributions under the Unemployment Insurance Act (820 ILCS 405/100 
et
 
seq.
 (West 1996)), for its carpet installers because the installers were independent contractors.  After our careful review, we reverse.

FACTS

Cohen Furniture Company (Cohen) sells home furnishings, including carpeting.  Cohen's advertised price for carpet sometimes includes the cost of installation, but even when it does not, Cohen is willing to arrange for installation.  To do so, Cohen engages the services of a carpet installer from a list that it maintains. 

In December 1995, the Department of Employment Security (Department) issued a "determination and assessment" against Cohen, finding that Cohen was responsible for $3,504.26 in unpaid contributions under the Unemployment Insurance Act (Act) (820 ILCS 405/2200 (West 1996)), for a number of its employees, including 12 carpet installers.
(footnote: 1)  Cohen filed a written protest to the assessment and requested an administrative hearing, arguing that because the carpet installers were independent contractors, it was exempt from making contributions for them pursuant to section 212 of the Act (820 ILCS 405/212 (West 1996)). 

After reviewing the evidence presented during the hearing, the director of the Department found that Cohen failed to present sufficient evidence on any of the three factors in section 212 of the Act to prove that the carpet installers were independent contractors.  Therefore, the Department found that the evidence supported a finding that the carpet installers were employees and that Cohen was responsible for the unpaid contributions.

Cohen filed a complaint for administrative review in the trial court.  The trial judge reversed the Department's decision with respect to the 12 carpet installers, finding that the decision in 
United Delivery Services, Ltd., v. Didrickson
, 276 Ill. App. 3d 584, 659 N.E.2d 82 (1992), was directly on point.  The Department's appeal followed.

ANALYSIS

Judicial review of the Department's decisions extends to all questions of law and fact presented by the record.  820 ILCS 405/2205 (West 1996); 735 ILCS 5/3--110 (West 1996).  On review, the Department's factual findings are held to be 
prima
 
facie
 true and correct, and a reviewing court may set aside such decisions only if they are contrary to the manifest weight of the evidence.  
Jones v. Illinois Department of Employment Security
, 276 Ill. App. 3d 281, 284, 657 N.E.2d 1141, 1144 (1995).  However, administrative agencies are not entitled to such deference on questions of law which are subject to 
de
 
novo
 review.  
City of Belvidere v. Illinois State Labor Relations Board
, 181 Ill. 2d 191, 205, 692 N.E.2d 295, 302 (1998).

In the instant case, this court must decide whether the Department erred in determining that Cohen was responsible for unpaid contributions under the Act because its carpet installers did not meet the independent contractor exception set forth in section 212 of the Act.  To do so, we must interpret the statutory provision, as well as consider the legal effect of the factual determinations made by the Department.  When the question presented for review involves a mixed question of law and fact such as this, the reviewing court must apply the "clearly erroneous" standard.  
City of Belvidere
, 181 Ill. 2d at 205, 692 N.E.2d at 302.

The Act requires all employers to make contributions to a fund based upon "wages payable for employment."  820 ILCS 405/1400 (West 1996).  This fund provides money to involuntarily unemployed workers and their families to ease the burdens caused by unemployment.

In arguing that it was not required to make contributions for its carpet installers, Cohen relies upon section 212 which creates an exception for independent contractors and provides:

"Service performed by an individual for an employing unit, whether or not such individual employs others in connection with the performance of such services, shall be deemed to be employment unless and until it is proven in any proceeding where such issue is involved that--

A.  Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and 

B.  Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and 

C.  Such individual is engaged in an independently established trade, occupation, profession, or business."  820 ILCS 405/212 (West 1996).

An employer seeking this exemption from unemployment contributions has the burden of proof, and all three elements must be established before the exemption will be allowed.  
United Delivery Service, Ltd.
, 276 Ill. App. 3d at 588, 659 N.E.2d at 84; 56 Ill. Admin. Code §2732.200(d) (1990).  

When interpreting the term "independent contractor" under section 212 of the Act, courts are not guided by the common law principles pertaining to independent contractor status.  See 
Griffitts Construction Co. v. Department of Labor
, 76 Ill. 2d 9, 390 N.E.2d 333 (1979).  Rather, section 212 uses the term in a much broader sense.  The terms of the three statutory elements dictate whether the exemption operates, and the designation or description which the parties apply to their relationship is not controlling.  56 Ill. Admin. Code §2732.200(b) (1990).  Therefore, even though the standard-form contract utilized by the parties in this case purports to be an independent contractor agreement, that designation does not control.

Control or direction for the purpose of section 212(A) means that an employer has the right to control and direct the worker, not only as to the work to be done, but also as to how it should be done, whether or not that control is exercised.  56 Ill. Admin. Code §2732.200(g) (1990).  This determination must be made on the particular facts of each case, but section 2732.200(g) of the Illinois Administrative Code identifies a number of relevant factors to be considered.  See 56 Ill. Admin. Code §2732.200(g)(1) through (25) (1990).

A review of her written decision shows that the Department director carefully considered the evidence in light of the relevant factors when she decided that Cohen failed to show that the carpet installers were free from its control and direction.  After our careful review, we are unable to find that decision to be clearly erroneous.  In fact, the record in this case shows the many ways in which Cohen retained the right to control and direct the carpet installers' work.

Control is indicated when the employer issues assignments, schedules work, sets quotas, or requires the worker to follow a routine.  56 Ill. Admin. Code §2732.200(g)(1), (3) (1990); see 
Bennett v. Department of Employment Security
, 175 Ill. App. 3d 793, 797, 530 N.E.2d 541, 544 (1988).  In this case, Cohen exercises such control because it determines which installer will be hired for an installation job, issues all job assignments, and sometimes schedules when the work will be done.  

Cohen also establishes a routine for the carpet installers to follow for each assignment.  When a customer wants Cohen to arrange for carpet installation, Cohen contacts an installer about performing the work.  Sometimes Cohen arranges a time for installation on behalf of the customer.  Installers pick up the carpeting and padding from Cohen's warehouse during designated hours.  When a job is complete, the installer returns the work order to Cohen, itemizing the labor and material charges according to Cohen's standard fee list.  
The installers work three to four days per week and are issued checks from Cohen on a weekly basis for payment for services rendered.

Engaging a worker on a permanent basis is another factor indicating direction or control under section 212(A) of the Act.  See 56 Ill. Admin. Code §2732.200(g)(7) (1990).  Cohen's assertion that the installers work for Cohen on a job-by-job basis is contradicted by the evidence.  
Cohen furnished the contract which e
stablished an ongoing relationship between Cohen and an installer; some installers work under contracts that were signed in 1992.  See 
Bennett
, 175 Ill. App. 3d at 797, 530 N.E.2d at 544 (the court noted as evidence of control that the employer provided the contract and the workers were not required to execute a contract for every job they did for the employer).  Furthermore, Cohen retains the right to terminate the employment of any installer.  See 56 Ill. Admin. Code §2732.200(g)(21) (1990).
 

Cohen also furnishes the workers with materials and reimburses them for expenses incurred while performing the service.  See 56 Ill. Admin. Code §2732.200(g)(8), (14) (1990).  Although the installers use their own tools and standard installation materials (such as carpet tape, tacks, glue, and seam sealer), the primary materials (carpet and padding) are provided by Cohen and the payment to the installers is intended to include reimbursement for all expenses incurred during installation. 

Cohen exercises control with respect to quality standards for the installation work, as well.  Installers guarantee their work to Cohen for one year, and Cohen handles customer complaints.  If a customer complains about an installer's workmanship, Cohen decides if the problem will be remedied by repair or reinstallation and if the original installer was obligated to pay for the corrections.  See 56 Ill. Admin. Code §2732.200(25) (1990).   

Cohen also exercises control over all manners of pricing and payment with respect to the installation services.  56 Ill. Admin. Code §27.32.200(g)(19) (1990).  The installers are compensated by Cohen, not the customers.  In most instances, the installers are paid according to a fixed rate schedule set by Cohen.  When larger installation projects come in, the installers submit bids or confer with Cohen about pricing.  However, Cohen is in exclusive control of all customer contracts, decides what orders will be accepted and decides what prices the customers will be charged.  56 Ill. Admin. Code §2732.200(g)(20) (1990).      Based upon our careful review, we determine that the Department's finding that Cohen failed to establish pursuant to section 212(A) that the carpet installers were free from Cohen's control or direction was supported by the evidence, and cannot be considered clearly erroneous.  Because of this decision, we need not address the arguments raised regarding sections 212(B) and (C).  Therefore, we determine that the trial court erred when it reversed the Department's decision in this case.

We acknowledge that the decision in 
United Delivery Service, Ltd.
, relied upon by the trial court, is similar to the instant case; however, factual distinctions make it impossible to simply refer to that ruling 
as a "summary justification" for reversing the well-reasoned decision of the Department.

CONCLUSION

For the forgoing reasons, the judgment of the circuit court of Peoria County is reversed.

Judgment reversed.

HOMER, J., with BRESLIN, J., concurring

JUSTICE SLATER dissenting:

In reaching its decision, the majority applies a list of factors found in regulations (56 Ill. Admin. Code §2732.200(g)(1) through (25) (1990)) adopted by the Department as a guide to determining whether an “employing unit” enjoys the right of “control or direction over the performance of the service” (820 ILCS 405/212(A) (West 1996)) for which the employing unit claims exemption under the Unemployment Insurance Act (the Act) (820 ILCS 405/100 
et
 
seq.
 (West 1996)).  The regulations caution that no one factor or combination of factors should determine whether the employing unit has the right to control or direction.  56 Ill. Adm. Code §2732.200(g) (1990).  Rather, this determination should be made according to “the business reality or totality of the circumstances.”  56 Ill. Adm. Code §2732.200(g) (1990).  Because I believe that the majority’s decision ignores the foregoing admonition, I must dissent.

The case at bar involves a business (Cohen) that engages a service provider (the carpet installers) to provide a service incidental to the business’s enterprise (the sale of furnishings and carpet) but which the business has, nevertheless, promised to a third party (Cohen’s customers).  Such a triangular business arrangement does not by itself place the provided services outside of the section 212 exemption.  See 
Jack Bradley, Inc. v. Department of Employment Security
, 146 Ill. 2d 61, 585 N.E.2d 123 (1991).  It is still necessary to examine the economic relationship between the business and the service provider as a whole in order to determine the applicability of the section 212 exemption.

Most of the subsection 2732.200(g) factors which the majority cites fail to provide any guidance as to the substantive economic relationship between Cohen and the carpet installers.  See 56 Ill. Adm. Code §2732.200(g)(1), (3), (8), (14), (19), (20) (1990).  Instead, these factors apply almost anytime a business compensates another party for providing a service to its customers which is only ancillary to its business but which it has promised to arrange for its customers’ convenience, regardless of whether the service provider is an employee or an independent contractor.  These factors naturally attend such a tripartite business arrangement where the business seeks to maximize its customers’ convenience and reduce transaction costs by acting as the intermediary between the customers and a service provider.  Accordingly, I believe the majority is mistaken in its reliance on these factors.

Other factors upon which the majority relies (56 Ill. Adm. Code §2732.200(g)(7), (21), (25) (1990)), although marginally probative, do not show that Cohen enjoys a right of control or direction over the services provided by the installers.  Furthermore, I believe the majority fails to take into account several subsection 2732.200(g) factors favoring the conclusion that Cohen lacks the right of control or direction.  See 56 Ill. Adm. Code §2732.200(g)(4), (5), (6), (9), (10), (11), (12), (13), (15), (16), (17), (18), (22), (23), (24) (1990).  Therefore, I would find that Cohen met its burden of proof as to subsection 212(A) of the Act (820 ILCS 405/212(A) (West 1996)).

I would also find that Cohen met its burden of proof with respect to subsections 212(B) and 212(C) of the Act (820 ILCS 405/212(B), (C) (West 1996)).  Subsection 212(B) is satisfied because the service provided by the carpet installers is performed in the homes and businesses of Cohen’s customers, and, therefore, outside of any of Cohen’s places of business.  See 
United Delivery Service, Ltd. v. Didrickson
, 276 Ill. App. 3d 584, 659 N.E.2d 82 (1995).  Moreover, subsection 212(C) is satisfied because the carpet installers can engage in their trade independent of Cohen.  See 
United Delivery Service, Ltd.
, 276 Ill. App. 3d 584, 659 N.E.2d 82.  Thus, I would hold that the Department’s decision is clearly erroneous and affirm the judgment of the circuit court.  

Accordingly, I dissent.

FOOTNOTES
1:
Because this appeal involves only the issue of unpaid contributions for the carpet installers, we will not discuss the Department's decision regarding the other workers.