2021 IL App (1st) 192283-U

SIXTH DIVISION
September 16, 2021

No. 1-19-2283

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| | ) | |
| | ) | Appeal from the Circuit |
| AMEREN CORPORATION, | ) | Court of Cook County, |
| | ) | Chancery Division |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 CH 10380 |
| | ) | |
| ILLINOIS DEPARTMENT OF LABOR and | ) | |
| GLENDA EHRLICH, | ) | The Honorable Anna H. |
| | ) | Demacopolous, Judge |
| Defendants-Appellees. | ) | Presiding |

JUSTICE PIERCE delivered the judgment of the court.
Justices Hyman and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: It was not against the manifest weight of the evidence for the Illinois Department of Labor to award claimant payment for 258.67 hours of unused vacation time.

¶ 2    Claimant Glenda Ehrlich filed a claim with the Illinois Department of Labor, alleging that Ameren Corporation violated the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*.) by failing to pay her for accrued, unused vacation time after her termination. After a hearing, the Department awarded Ehrlich $26,762.23 in payment for unused vacation time and statutory damages. The circuit court affirmed. Ameren appeals and requests a remand for a factual determination, arguing the Department's findings are against the manifest weight of the evidence and clearly erroneous. For the following reasons, we affirm the judgment of the circuit court and affirm the decision of the Department.

¶ 3                                    BACKGROUND

¶ 4      This claim is one of several wage claims brought by former employees of Ameren Energy Marketing ("AEM"), a former subsidiary of Ameren Corporation ("Ameren"), following the December 1, 2013, sale of AEM to Dynegy, Inc. ("the divestiture"). After the divestiture, Ehrlich filed a claim with the Illinois Department of Labor ("Department") alleging Ameren, after her termination from AEM, failed to pay her for accrued, unused vacation hours. Ehrlich alleged that Ameren instead transferred her accrued, unused vacation time to Dynegy for her to use in 2014. Ehrlich claimed that Ameren should compensate her for her accrued, unused vacation hours.

¶ 5      The evidence presented to the Department on Ehrlich's claim is summarized as follows. Ehrlich had been employed by AEM since October 16, 2000. Under Ameren's vacation policy, AEM employees accrued current year vacation time for use in the following calendar year based on the number of years they were employed. By November of 2013, Ehrlich had accrued 258.67 unused vacation hours at $40.22 per hour.  Under Ameren's policy, Ehrlich would also have accrued an additional 160 hours in 2014 for use in 2015.

¶ 6      Prior to the divestiture, Ehrlich applied for and was hired by Dynegy. Ehrlich's last day at AEM was November 30, 2013; she began work at Dynegy on December 1, 2013. Ginger Davis, Ameren's Manager of Employee Administrative Services, testified that as part of the divestiture, Ameren and Dynegy agreed that accrued, unused Ameren vacation time would transfer with the employee for their use while employed with Dynegy. In contrast, Ehrlich testified that her accrued, unused Ameren vacation time did not transfer with her to Dynegy; rather, she testified she negotiated a separate agreement with Dynegy to have 258.67 hours of vacation for use in 2014. Ehrlich gave conflicting testimony as to whether she accrued any vacation time under Dynegy's policy for use in 2014. At one point Ehrlich testified that she did not accrue any hours under

Dynegy's policy during 2014 and had only the 258.67 hours that she negotiated to use in 2014. However, under questioning from Ameren, Ehrlich stated that she earned 160 or 168 hours of 2014 vacation time under Dynegy's policy.

¶ 7      Ehrlich testified that she used vacation hours while employed by Dynegy during 2014. But she could not recall exactly how many hours she used except that she did not use all 258.67 hours. Ehrlich was only able to carry over about 40 of her unused vacation hours for use into 2015.

¶ 8      Ehrlich's claim was stayed pending the outcome of claims filed by two former AEM employees and now current employees of Dynegy, Cynthia Clark and Wanda Schewe. Clark and Schewe brought similar claims against Ameren for payment of their accrued, unused vacation time. The Department awarded Clark and Schewe payment for their unused Ameren vacation time. Ameren sought administrative review in the circuit court. In a written order dated May 5, 2017, the circuit court affirmed the Department's findings that, under the Act, Clark and Schewe were terminated employees of Ameren, and they were not parties to any employee benefits transfer agreement between Ameren and Dynegy. The circuit court remanded for an evidentiary hearing to determine (a) the amount of accrued Ameren vacation time Schewe and Clark used after the sale of Ameren, and (b) the amount of time Schewe and Clark accrued for 2014 under the Ameren policy. The circuit court cautioned the Department against awarding Schewe and Clark a windfall, stating that they "should be awarded only that accrued Ameren vacation time they did not use post-divestiture, plus what they would have accrued in 2014 under the original Ameren policy consistent with their employment history."

¶ 9      Following a June 27, 2018, hearing on Ehrlich's claim the Department issued a decision and order. The Department took into account all exhibits, testimony, and documentation submitted

in other former AEM employee claims seeking payment for unused vacation time.[1] It also took official notice of the circuit court's order on Schewe's and Clark's claims. Because of the circuit court order in the Schewe and Clark case, the Department found it was "constrained to determine how much time Claimant took of the Ameren accumulation while working at Dynegy and [was] further constrained to award additional vacation time that would have been earned under Ameren's vacation policy for 2014."

¶ 10    In the decision now under review, the Department found that Ehrlich was terminated from Ameren on November 30, 2013. The Department found, under an agreement between Ameren and Dynegy, Ameren transferred Ehrlich's accrued, unused vacation time to Dynegy for her use, noting Ehrlich was not a party to that agreement.

¶ 11    As to the amount of Ehrlich's award, the Department found the following.

"Claimant earned 160 hours of vacation annually. In addition, Claimant testified she was unable to take the 258.67 hours of time at Dynegy post divestiture. Thus, Claimant testified that she was unable to take the accumulated Ameren time off and was only able to carry over one week. Respondent failed to rebut this testimony. Therefore, Claimant is due the 258.67 hours earned and transferred to Dynegy. 258.67 x $40.22 or $10,403.70. In addition, Claimant would [*sic*] 20 days or 160 hours of vacation in 2014 under the Ameren policy or have earned is awarded [*sic*] 160 hours of vacation time at the rate of $40.22 per hour (160 x $40.22 = $6435.20). This represents the rate s/he would have earned vacation time if at Ameren in 2014. In addition, Claimant is due $10,403.70 + $6435.20. This represents the rate s/he would have earned vacation time if at Ameren in 2014. In total, Claimant is due $16,838.70."

---

[1] These documents, exhibits, and testimony do not appear in the record on appeal.

Ehrlich was also awarded damages in the amount of 2% of the underpayment for each month the underpayment was not paid, from her date of termination through May 2, 2016. Finally, Ameren was ordered to pay a $1000 administrative fee to the Department.

¶ 12    Ameren filed for administrative review in the circuit court. On October 9, 2019, after a hearing, the circuit court affirmed the Department's decision.

¶ 13    Ameren timely filed this appeal.

¶ 14                                          ANALYSIS

¶ 15    On appeal, Ameren contends that the Department's award for the full amount of Ehrlich's claim was against the manifest weight of the evidence because Ehrlich's testimony was vague and contradictory as to the amount of Ameren vacation time she used while at Dynegy. The Department argues that Ehrlich met her burden to show that she could not use any of the Ameren time while at Dynegy, and therefore she was properly awarded the full amount of her unused time. We agree with the Department.

¶ 16    The Act provides that an employer is required to pay the final compensation of separated employees "in full, at the time of separation ***." 820 ILCS 115/5 (West 2018).

> "Unless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation." *Id.*

5

¶ 17    In an administrative proceeding to collect earned compensation under the Act, the claimant bears the burden of proof. 56 Ill. Adm. Code 300.1070(e) (2014). "An employee need only produce sufficient evidence to demonstrate the amount and extent of work or time earned as a just and reasonable inference." 56 Ill. Adm. Code 300.1070(a) (2014). When a claimant under the Act has demonstrated the amount and extent of time earned as a just and reasonable inference, the burden of proof then shifts to the employer. The "employer must then produce evidence of the exact amount of work or time earned or produce evidence to negate the reasonable inferences drawn from the employee's evidence." 56 Ill. Adm. Code 300.1070(a).

¶ 18    This court reviews an administrative agency's findings of fact to determine whether they are against the manifest weight of the evidence. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008). An administrative agency's conclusions of fact are deemed to be *prima facie* true and correct and will only be found to be against the manifest weight of the evidence "if the opposite conclusion is clearly evident." *Id.* "If any evidence fairly supports the administrative agency's action, the decision is not against the manifest weight of the evidence and must be sustained on review." *Jones v. Illinois Department of Employment Security*, 276 Ill. App. 3d 281, 284 (1995).

¶ 19    Ehrlich testified before the Department as follows. She was terminated from Ameren on November 30, 2013. She had 258.67 hours of accrued, unused vacation time at the time of her separation from Ameren. She was not paid for this time. Ehrlich applied for a job at Dynegy, interviewed, and was offered a position there; she began working at Dynegy on December 1, 2013. Ameren and Dynegy were two separate companies. Ehrlich's testified her accrued vacation time did not transfer from Ameren to Dynegy and she was not able to use her accrued Ameren time

while at Dynegy. Ehrlich also presented documents from Ameren's benefits website that show her termination date was November 30, 2013.

¶ 20    Based on this evidence, we find that Ehrlich established as a just and reasonable inference that she had earned 258.67 hours of unused vacation time that was not paid to her upon her termination from Ameren. Ehrlich also established that she was not able to use this time while employed by Dynegy. After this testimony, the burden then shifted to Ameren to rebut Ehrlich's testimony. Ameren was therefore required to produce sufficient evidence to negate Ehrlich's claim. We find that Ameren failed to do so.

¶ 21    Ginger Davis, an Ameren employee, testified that Ehrlich's unused, accrued employee vacation time transferred with her from Ameren to Dynegy as part of the divestiture agreement between Ameren and Dynegy. Davis also testified that Ehrlich had accrued 258.67 unused vacation at the time of her separation from Ameren. However, Davis stated that Ehrlich was able to use this vacation time while at Dynegy.

¶ 22    In its decision, the Department credited Ehrlich's testimony and found that Ehrlich was terminated from Ameren and began work at a different company, Dynegy. The Department found that Ehrlich was not a party to the divestiture agreement between Ameren and Dynegy, and that Ehrlich was not able to use any of her Ameren vacation time while at Dynegy. The Department also accepted the undisputed testimony that Ehrlich had earned 258.67 hours of unused vacation time at the time she was terminated from Ameren. Ehrlich's testimony and the records from Ameren's benefits website fairly support the Department's findings of fact. We therefore find that the Department's decision to award Ehrlich payment for 258.67 hours of unused, accrued vacation time was not against the manifest weight of the evidence.

¶ 23    The crux of Ameren's appeal admits Ehrlich had accrued 258.67 hours of vacation time and its argument for remand centers on the issue of whether Ehrlich used any of her accumulated vacation while at Dynegy and, if she did, how many hours were used at Dynegy so that Ameren can avoid paying more than what was owed Ehrlich at her termination. There is no dispute Ehrlich accrued 258.67 hours of compensation, she was terminated and she was not a party to the divestiture agreement between Ameren and Dynegy. However, under the applicable statutory framework the relevant statute does not contemplate adjustments in the payment of compensation due because of divestiture agreements like the one here or whether the terminated employee may have benefited under the divestiture agreement at her subsequent place of employment. 820 ILCS 115/5 (West 2018).

¶ 24    Ameren argues that Ehrlich's testimony that she separately negotiated with Dynegy to start employment there with 258.67 hours of vacation time was not credible, and that this is evidence that Ehrlich's unused Ameren vacation time transferred with her to Dynegy. We disagree. Ehrlich consistently testified that she was not paid for her accrued Ameren vacation time and that this time did not transfer to Dynegy. The Department was not required to accept Ameren's argument or credit the contrary testimony from Davis. "The administrative agency, not the court, is charged with weighing the conflicting evidence and determining the credibility of the witnesses." *Nicole Motors, Inc. v. Edgar*, 181 Ill. App. 3d 37, 40 (1989).

¶ 25    Ameren also argues that, pursuant to the circuit court's order in the Clark and Schewe cases, the Department was required to find that Ehrlich's time transferred from Ameren to Dynegy and was then required to determine whether Ehrlich used any of that time while at Dynegy. Assuming this is correct, the Act is the controlling statutory provision. There is nothing in the Act that allows an employer to transfer a terminated employee's unused vacation time to a new

employer instead of paying the employee for that time. The Act requires an employer to pay a separated employee for unused vacation time "upon separation." 820 ILCS 115/5. The Department found that while Ameren negotiated with Dynegy to relieve itself of liability under the Act, Ehrlich was not a party to this agreement. The Department also found that Ehrlich was unable to use the 258.67 hours of unused Ameren vacation time at Dynegy, and that Ameren did not pay her for this time after she was terminated. Ameren does not challenge either the number of hours credited or the fact of its non-payment at termination. In an appeal from a judgment of an administrative review action, we review the Department's decision and the circuit court's order is not binding on this court. See *Antlitz v. Forest Preserve District of Cook County*, 2020 IL App (1st) 191415, ¶ 52. Because the Act requires payment for unused vacation time upon separation and does not provide for a transfer of this time between employers, we find that the Department's decision to award Ehrlich payment for 258.67 hours of accrued, unused vacation time was not against the manifest weight of the evidence.

¶ 26    Finally, Ameren argues that the Department was required to subpoena Ehrlich's vacation records from Dynegy to determine whether her unused, accrued vacation time transferred and was then used. Again, we disagree based on a plain reading of the statute. In any event, the Department's use of a subpoena to obtain employer records is discretionary. See *Stafford v. Bowling*, 85 Ill. App. 3d 978, 981 (1980). As discussed, Ehrlich's testimony that her unused time did not transfer and that she was not paid for that time at termination was sufficient to establish Ameren's violation of the Act.

¶ 27    The Department's award of $6435.20 in accrued, unused 2015 vacation time under the Ameren policy is also affirmed because this award was not contested on appeal. Furthermore, the Department's award of statutory damages of 2% of the underpayment for each month the

underpayment was unpaid between November 30, 2013, and May 2, 2016, is affirmed because Ameren did not challenge this award. Finally, we affirm the $1000 administrative fee assessed against Ameren. Under the Act, an administrative fee assessed against an employer is dependent on the amount of the total award to the claimant. 820 ILCS 115/14(b) (West 2018). The fee assessed against Ameren falls within the guidelines provided for by statute.

¶ 28                                           CONCLUSION

¶ 29    Based on the foregoing, we affirm the judgment of the circuit court and the decision of the Department.

¶ 30    Circuit court judgment affirmed.

¶ 31    Department order affirmed.